John Balestriere*
Email:  jbalestriere@balestriere.net
BALESTRIERE LANZA PLLC
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5404
Facsimile:   (212) 208-2613
*Pro Hac Vice application pending
Attorneys for Plaintiffs and the Class

Kurt A. Ressler (Cal. Bar No. 178351)
Email:  kressler@socallitigators.com
FERRUCCI LAW GROUP, APC
24361 El Toro Road, Suite 105
Laguna Woods, CA 92637
Telephone:   (949) 600-9777
Facsimile:   (949) 600-9778
Associate Counsel for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA TIDENBERG, individually and for all others similarly situated, | ) Case No:  CV08-05553 GPS (FMOx) ) |
| Plaintiff, | ) **CLASS ACTION** COMPLAINT FOR: ) |
| vs. | ) **1. VIOLATION OF CALIFORNIA** ) **CIVIL CODE §§ 1750 ET SEQ.** |
| BIDZ.COM, INC., a Delaware corporation; DAVID ZINBERG, an individual; and MARINA ZINBERG, an individual, | ) **2. VIOLATION OF CALIFORNIA** ) **BUSINESS & PROFESSIONS CODE** ) **§ 17200** ) **3. VIOLATION OF CALIFORNIA** ) **BUSINESS & PROFESSIONS CODE** |
| Defendants. | ) **§ 17500** ) **4. VIOLATION OF CALIFORNIA** ) **CIVIL CODE §§ 1709, 1710** |
| | ) **5. VIOLATION OF CALIFORNIA** ) **CIVIL CODE § 1572** |
| | ) **6. VIOLATION OF CALIFORNIA** ) **CIVIL CODE § 1573** |
| | ) **7. BREACH OF CONTRACT** ) **8. UNJUST ENRICHMENT** |
| | ) **9. VIOLATION OF 18 U.S.C. § 1962(c)** ) |
| | ) **AND DEMAND FOR JURY TRIAL** |

1

1  Marla Tidenberg, by her attorneys Balestriere Lanza PLLC and Ferrucci Law
2  Group, APC, for her Class Action Complaint respectfully alleges upon information
3  and belief, except as to allegations concerning Plaintiff or her counsel, which are
4  made upon personal knowledge, and except as otherwise indicated herein, as follows:

5  ## JURISDICTION AND VENUE

6  1.  This Court has subject matter jurisdiction over this nationwide class
7  action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of
8  2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and
9  costs, and is a class action in which some members of the Class are citizens of states
10  different than Defendants. *See* 28 U.S.C. § 1332(d)(2)(A).  This Court has personal
11  jurisdiction over Defendants because they are all based in the State of California.

12  2.  Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Central District
13  of California because Defendants reside in this District.

14  ## NATURE OF THE CASE

15  3.  Plaintiff and the class of others similarly situated (the "Class" or "Class
16  Members") have been victimized by the massive and systematic fraud of Bidz.com,
17  Inc. ("Bidz.com" or the "Company"); its Founder, David Zinberg who has been
18  running Bidz.com and its corporate predecessor for nearly 20 years; and his sister,
19  Vice President and major shareholder of Bidz.com, Marina Zinberg (David Zinberg
20  and Marina Zinberg collectively, the "Zinbergs;" all defendants collectively,
21  "Defendants").  For years, Defendants have materially misrepresented the goods sold
22  through the Bidz.com website and are involved in a systematic program of shill
23  bidding.

24

1    4.    Plaintiff and members of the Class have no way of knowing the full
2  extent of Defendants' fraud; although at the bare minimum, Bidz.com sells in excess
3  of 8,000 items each and every day, meaning that even if each sale of each item
4  defrauded a consumer out of only $5, and even if the fraud has been going on for only
5  three years, the most conservative estimate of single damages from such a scheme is
6  nearly $44 million.

7    5.    Shill bidding, also known as bid shilling or bid rigging, is, in the words
8  of Bidz.com's Glossary of Auction Terms, "[b]ogus bidding by an accomplice of the
9  seller with the purpose of raising the price of an item."[1]

10    6.    David Zinberg, with help from his sister Marina Zinberg, built Bidz.com
11  from a series of pawn shops into a major online retailer with hundreds of millions in
12  annual revenue.  The Company, however, is rife with corruption: it makes its money
13  by misrepresenting the quality of its merchandise, and then, falsely bidding up these
14  prices itself to trick buyers who pay more than they would absent this fraud.  These
15  fraudulent acts are able to thrive in the corporate environment that the Zinbergs have
16  created, one filled with related party transactions and suspicious accounting.

17    7.    Plaintiff brings this action as a Class Action pursuant to Rules 23(a),
18  (b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of all
19  persons who have won auctions through the Bidz.com website between August 22,
20  2004, and August 22, 2008.

21    8.    Defendants have been intentionally engaging in this fraudulent conduct
22  for years, despite large numbers of complaints from users.  Accordingly, Plaintiff and

23

24

---

[1] http://www.bidz.com/ht/help?page=glossary.

1 | Class Members are forced to bring this suit to put a stop to Defendants' flagrantly
2 | illegal behavior and seek some restitution for their massive losses.

3

**PARTIES**

4 |     9.    Plaintiff Marla Tidenberg is an individual and a citizen of Texas.
5 | Plaintiff made a purchase during the Class Period via Bidz.com's website, relying on
6 | all the representations on that site regarding the validity and authenticity of both the
7 | methods of auction and sale used, and the goods available for sale.

8 |     10.    Defendant Bidz.com is a Delaware corporation with its principal place of
9 | business in Culver City, California. According to recent filings with the Securities
10 | and Exchange Commission ("SEC"), Bidz.com earned over $130 million in revenue
11 | in 2006.

12 |     11.    Plaintiff is informed and believes and thereon alleges that Defendant
13 | David Zinberg is a citizen of California and resides in the Central District of
14 | California. Mr. Zinberg was the Founder of Bidz.com and has served as Chief
15 | Executive Officer ("CEO"), President, and Chairman of the Board since the
16 | Company's founding in 1998. From 1988 to 1997, Zinberg was the CEO of
17 | Bidz.com's predecessor, Asset Lenders of America, whose roots go back to 1987.

18 |     12.    Plaintiff is informed and believes and thereon alleges that Defendant
19 | Marina Zinberg is a citizen of California and resides in the Central District of
20 | California. Ms. Zinberg is a Vice President of Bidz.com, sister to David Zinberg, and
21 | owner of approximately 32% of the outstanding shares of Bidz.com. Combined, the
22 | Zinbergs own over 45% of the Company, with options to purchase another 28%.

23

24

# CLASS ACTION ALLEGATIONS

13.   Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") in her representative capacity on behalf of herself and the Class of all persons similarly situated, defined as follows:

> All persons in the United States who won auctions operated
> by Bidz.com from August 22, 2004, to August 22, 2008 (the
> "Class Period").

14.   **Numerosity**. Although the exact number of Class Members is presently unknown to Plaintiff (though is known to Defendants), Plaintiff believes that there may be tens of thousands if not millions of consumers.  There are enough Class Members to support, according to Bidz.com's website, a new action starting *every five seconds*.  The members of the Class are so numerous that joinder of all members is impracticable.

15.   **Commonality**.  A substantial pool of questions of law and fact exists that is common to the Class.  Such common questions include, but are not limited to:

> a.  Whether Defendants consistently engaged in material
>     misrepresentation of the goods for sale on its website, to the detriment
>     of Class Members;
>
> b.  Whether Defendants engaged in shill bidding practices to defraud
>     Class Members; and
>
> c.  Whether, as a result of Defendants' misconduct, Plaintiff and the
>     Class are entitled to restitution, disgorgement, equitable relief and
>     other relief, and if so, the amount and nature of such relief.

16.   **Typicality**. Plaintiff's claims are typical of the claims of the Class. Plaintiff is an ordinary Bidz.com user who, along with all Class Members, has been injured by the same wrongful acts and practices of Defendants as alleged herein.

17.   **Adequacy**.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has no interests that are antagonistic to or in conflict with the interests of the Class as a whole, and Plaintiff has engaged competent counsel experienced in the prosecution of complex and class litigation.

18.   **Superiority.**  A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent and varying determinations.

19.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

20.   **Maintainability**.  This action is properly maintainable as a class action for the prior independent reasons and under the following portions of Rule 23:

      a.   The individual amounts of restitution involved, while significant, are generally so small that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

       b.   Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation;

       c.   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole; and

       d.   Individual actions would unnecessarily burden the courts and waste judicial resources.

21. **Predominance.** Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

22. Notice to the members of the Class may be accomplished inexpensively, efficiently, and in a manner best designed to protect the rights of all Class Members.

23. California, as the site of the headquarters of Bidz.com, is the center of gravity for this action such that it is appropriate and consistent with existing law to certify a nationwide class of consumers, applying California law.

24. Certification of a nationwide class under the laws of California is appropriate because:

       a.  Defendants conduct substantial business in California;

       b.  Bidz.com maintain principal offices and headquarters in California; and

       c.  A significant number of Class Members reside in California.

/ / /

/ / /

1

2

## STATEMENT OF FACTS

### A.   BIDZ.COM HAS A QUESTIONABLE HISTORY.

3

4

5

6

25.   In 1987, David Zinberg opened a pawn shop in Los Angeles called Union Pawn Brokers. These shops later expanded to a chain of at least 11 stores, changed their name to Asset Lenders of America, and expanded into the bail bonds business under the direction of David Zinberg, who acted as CEO.

7

8

9

26.   In 1998, as the Internet and the auction site eBay began to grow in popularity, Asset Lenders of America began to sell on eBay a limited selection of merchandise that was not selling in their stores.

10

11

12

13

14

15

27.   This business proved profitable, so in the fall of 1998, David Zinberg formed Bidz.com, purchased the "bidz.com" domain name, and acquired Asset Lenders of America. In February 1999, Bidz.com launched the "www.bidz.com" website and began offering jewelry through its own auction format. Thus, Defendants would cut out eBay from the process and capture more profits. Finally, in November 1999, Bidz.com merged Asset Lenders of America into their company.

16

28.   In 2006, Bidz.com reincorporated as a Delaware corporation.

17

18

19

20

21

29.   Bidz.com enjoyed financial success for a number of years and in March 2006 filed with the SEC for an Initial Public Offering ("IPO") of its stock at $8 to $10 per share. Unfortunately, the company was unable to secure enough investors willing to subscribe to the required 180-day lock-in period, and thirteen months later Bidz.com called off the IPO.

22

23

30.   Instead, Bidz.com directly listed its shares on NASDAQ under the ticker symbol BIDZ and began trading on May 1, 2007 at a price of $7.90. On August 21,

24

1 | 2008 the stock closed at $8.99, with about 23.61 million shares of stock outstanding,
2 | giving it a market capitalization of $212.25 million.

3 |    31.   According to its Annual Report, Bidz.com considers its competitors to
4 | include online auction service eBay, online liquidation company Overstock, online
5 | jewelry retailer Blue Nile, and more traditional companies such as Zales, Wal-Mart,
6 | Target, QVC, Home Shopping Network, J.C. Penney, and Costco.[2]

7 |    32.   Despite Bidz.com's appearance as a publicly traded corporation, the
8 | Zinbergs clearly exercise substantial, and possibly near-total, control over the
9 | Company. In addition to his titles of Founder, CEO, President, and Chairman of the
10 | Board, as indicated by a Form 4 filed with the SEC on February 5, 2008, David
11 | Zinberg controlled 9,177,343 of the 23.38 million outstanding shares of Bidz.com,
12 | giving him individually a 39.3% stake in the company. David Zinberg has also been
13 | granted a number of options to purchase addition stock.

14 |    33.   As indicated by a Form 4 filed with the SEC on May 27, 2008, Marina
15 | Zinberg controlled 7,362,657 of the outstanding shares, giving her 31.5% control of
16 | the corporation. She is also in possession of several thousand stock options.

17 |    34.   Combined, the Zinbergs currently own 45.6% of Bidz.com. If they were
18 | to exercise all of their options, they would immediately control about 74% of the
19 | outstanding stock of the company.

20 |    35.   In addition to the Zinbergs' strong control of the stock of Bidz.com,
21 | David Zinberg's compensation raises questions as to whether he is largely using the
22 | company as his alter ego. Despite the fact that Bidz.com has, according to SEC

23 |

24 |

---

[2] http://www.shareholder.com/Common/Edgar/1324105/1104659-07-20062/07-00.pdf, at 2.

1  filings, made only $15.2 million in its history, in the past several months Zinberg has
2  sold shares worth in excess of $900 thousand.

3  **B.   BIDZ.COM RELIES ON A HIGHLY SUSPICIOUS BUSINESS**
4  **MODEL.**

5  36.   According to business research company Hoover's, and Bidz.com's basic
6  marketing strategy, the Company "buys closeout merchandise and sells it using a live-
7  auction format, with no reserve prices and $1 opening bids . . . . "[3]

8  37.   The California State Auctioneers Association (the "CSAA") defines a
9  reserve price as "[t]he minimum price that a seller is willing to accept for a property
10  to be sold at auction."[4]

11  38.   On the same web page, the CSAA also notes than an auction without a
12  reserve (also known as an absolute auction) is an auction "where the property is sold
13  to the highest qualified bidder with no limiting conditions or amount. The seller may
14  not bid personally or through an agent."[5]

15  39.   Bidz.com allows its users to bid on auctions which start, according to its
16  website, every five seconds.  In fact every auction on the Bidz.com website has the
17  follow language in a large, prominently located font: "New Auctions Starting Every 5
18  seconds! 365/24/7."[6]

19  40.   Bidz.com sells a variety of merchandise, including televisions and even
20  Jamaica Blue Mountain Coffee, some of which are sold by third-party "Bidz Certified
21  Merchants." However, the vast majority of its sales are of jewelry.  According to its

22

23  [3] http://premium.hoovers.com/global/msn/factsheet.xhtml?COID=148720.
24  [4] http://www.caauctioneers.org/auction_terms.php.
   [5] *Id.*
   [6] http://www.bidz.com/ht/prod?lotID=22335842.

1  2006 Annual Report, "[s]ubstantially all of [the Company's] net revenue consists of
2  jewelry sold via the Internet . . . ."[7]

3      41.    Bidz.com's jewelry sales are all of jewelry owned by Bidz.com which it
4  has purchased from its approximately 300 suppliers.  Its main suppliers are LA
5  Jewelers, Inc., a jewelry manufacturer and liquidator from which Bidz.com purchased
6  26% of its merchandise in 2006, and Dialuck Corp., New York-based jewelry
7  manufacturer from which Bidz.com purchased 4.7% of its 2006 merchandise.

8      42.    Bidz.com's jewelry consists of both closeout and non-closeout jewelry.
9  Closeout jewelry is jewelry that, for various reasons, suppliers were unable to sell and
10  need to either dispose of at a steep discount or melt.  Bidz.com purchases an
11  unspecified amount of non-closeout jewelry based on its close monitoring of sales
12  trends to asses customer demand for various styles.

13      43.    At any given time, Bidz.com has a substantial amount of jewelry for sale
14  on its website in its warehouses.  According to its latest quarterly filing with the SEC
15  on June 30, 2007, Bidz.com was holding over $25 million worth of inventory.

16      44.    One of Bidz.com's main promotional points is its "$1 No Reserve"
17  auction.  In fact, Bidz.com previously held trademarks on "$1 No Reserve" and
18  "Home of the $1 No Reserve Auction."  In 2003, Bidz.com filed a suit against eBay in
19  this District to enforce those marks in the action *Bidz.com, Inc. v. eBay, Inc.*, No.
20  2:03-CV-07076-DDP-SS.

21      45.    Although these trademarks were invalidated in August 2004 due to prior
22  use, the Company still relies upon this "innovative" format to attract business and
23  differentiate it from competitors.

24

[7] http://www.shareholder.com/Common/Edgar/1324105/1104659-07-20062/07-00.pdf.

1      46.     Bidz.com represents that all auctions on its website are in a $1 No
2 Reserve Auction format.

3      47.     A $1 No Reserve Auction is one in which the minimum opening bid is $1
4 and the seller has no "reserve," which is a price below which the seller may choose
5 not to sell the item to the highest bidder. Thus, a bidder knows someone will obtain
6 the item at auction and, if they're very lucky, might even get the item for $1. Reserves
7 are common in the auction industry and are used by companies as diverse as eBay and
8 Sotheby's. Bidz.com's no reserve model then allows it to differentiate itself from
9 competitors and attract customers with the possibility of a great deal.

10      48.     In a 2002 article in the <u>Los Angeles Business Journal</u>, Zinberg discussed
11 how in 1999 he sold a Rolex through Bidz.com for only $1, illustrating the advantages
12 for consumers of a no reserve model.

13      **C.**     **ANALYSIS OF BIDZ.COM'S FINANCIAL NUMBERS YIELDS**
14             **HIGHLY SUSPICIOUS RESULTS.**

15      49.     But this no reserve format is almost certainly a deceitful tool in service
16 of a huge fraud.

17      50.     Bidz.com represents that a new auction begins every five seconds, 24
18 hours a day, 7 days a week, 365 days a year. This would result in exactly 17,280 new
19 auctions each day.

20      51.     It's impossible to verify exactly how often new auctions actually start, as
21 it's only possible for a member of the public, such as Plaintiff or her counsel, to sort
22 auctions by the time remaining in the auction, and auctions do not all run for the same
23 amount of time. More valuable items may run for several days, while less valuable
24 items may run for much less time. Most items are sold in 30 minutes or less.

1      52.    At any given time there are typically 32 auctions displayed per page, and

2  usually 20 to 24 pages of auctions, so typically over 600 auctions are running at any

3  given time. This is consistent with Bidz.com's claim that there are 17,280 new

4  auctions per day. Exact calculations are impossible since auctions do not run for

5  standardized periods of time.

6      53.    According to an August 2007 earnings call,[8] Bidz.com's average order

7  sold for $171, and each order on average contains 3.2 items. The average price per

8  item sold is therefore $53.44.

9      54.    Simply by watching the website it is clear that the vast majority of

10  Bidz.com's items are sold. In a sample of 1,000 recent auctions, only seven, or 0.7%

11  of auctions, went unsold. Of these seven, all were of non-jewelry items mostly sold

12  by third parties.

13      55.    Therefore, according to the numbers provided by Bidz.com itself, the

14  Company should gross on average $923,443 per day, and $337,056,768 per year. As

15  the company owns the jewelry it sells, this should all be recorded on its income

16  statement as income.

17      56.    However, the numbers provided by Bidz.com are *far* lower than would

18  be expected. For the quarter ending in June 2007, Bidz.com sold only 8,700 items per

19  day on average, about half of the 17,280 auctions which Bidz.com claims start each

20  day.

21      57.    Bidz.com's revenue numbers are even more suspicious. In the earnings

22  call, Bidz.com projected total 2007 revenues between $170 million and $180 million.

23

24

[8] http://seekingalpha.com/article/44359-bidz-com-q2-2007-earnings-call-transcript.

1   This is roughly in line with the $132 million in revenue which Bidz.com earned in
2   2006.

3       58.    The projected $180 million number, however, is 46% below the $337
4   million revenue which Bidz.com should be receiving.  Such a huge gap is exceedingly
5   suspicious.  Either Bidz.com is vastly underreporting their revenue, greatly
6   exaggerating the number of auctions it offers, or only about 54% of its auction
7   winners are actual people.  Of these three, only the last makes any sense, because only
8   the last presents a strong financial incentive for Bidz.com.

9       **D.**    **BIDZ.COM APPEARS TO BE ENGAGED IN RAMPANT SHILL**
10      **BIDDING.**

11      59.    Bidz.com has no incentive to understate its revenue.  As a publicly traded
12  company, Bidz.com has every incentive to provide positive financial data to support a
13  strong share price.  The Zinbergs personally share these incentives, as their personal
14  fortunes are heavily dependent on Bidz.com's stock price.

15      60.    Likewise, Bidz.com has no incentive to greatly exaggerate the number of
16  auctions performed on its service, as this would only result in the company reporting
17  much lower value per item sold, frustrating its goal of appearing as a high-margin
18  retailer.

19      61.    Additionally, a cursory look at its website proves that at any given time
20  there are literally dozens of items that close within the minute, suggesting that if
21  Bidz.com is over reporting the number of auctions it offers, it cannot be by much.
22  (*See* Exhibit A.)

23      62.    Further inspection of the website reveals that many of the putative
24  bidders have names in surprisingly similar formats.  For instance, many users have

1   names which are a brief nickname followed by four numbers.  Examples of this
2   include: al5180, alex2662, andy7303, angelsman4703, anthony5183, ber1123,
3   betty0241, bettyboo_1970, billsfan4118, blondee1947, bran1200, brusa2008,
4   c5c4211, calilioness2005, chuck0737, conco5689, corey2810, cpdp2413, dawgs1234,
5   deacon1935, dianna1963, doglady2007, doll1954, dutch1975, egirl1477, eileen0553,
6   elidizon2000, flchic2000, flo2006, franklin4702, gladys8949, habaolu0330,
7   horsie2408, house1214, hthrwd1972, ikhe2005, irma2224, italianguy1963,
8   james_1001, jazz4986, jersey1623, johnny5580, karina1974, kiki7777, lodi1961,
9   lpb1561, lubaba52522, luka2806, m1953, maria1985, masha2012, matthewb2115,
10  mechell1974, michael5005, momsjob7777, mr1974, msdk1234, mylife1014,
11  nathan0110, nikki0025, omotobi1964, p2007, penny2204, racey2400, sarab1552,
12  scorpiongirl1117, sharon5355, shays7701, silverlady0053, sjul0502, sks0705,
13  skydive1968, sportsman1111, steven2004, susan7251, tag0813, tlk1029,
14  tommy_1905, tracym1111, tuscarora4561, tylerjim2001, vicki2007, violy1951,
15  wahoo0820, wf0475, willgon.2007, winners2703, and wolf5151.

16      63.     A surprising percentage of winning bidders, around 8% in our small
17  sample size, used the nickname followed by four numbers format.

18      64.     The near certainty that these very similar ads were created by Bidz.com
19  employees or agents for use in Bidz.com's shill bidding was confirmed by an
20  informant with whom Plaintiff's counsel spoke over a period of months in late 2007
21  and early 2008.  Balestriere Lanza PLLC ("Balestriere Lanza") is currently
22  prosecuting an action against other online auctioneers in the Northern District of
23
24

1  California for shill bidding of a similar type ("the eBay Case[9]").  As part of its

2  ongoing investigation in that case, Balestriere Lanza attorneys and staff have spoken

3  to many individuals, including so-called insiders.  One individual, who works with a

4  company that participates in on-line sales with eBay, and who is aware of the fraud

5  involved in the eBay Case, was aware of similar fraud perpetrated by Bidz.com.

6  Upon information and belief, that individual knew that Bidz.com used so-called

7  "bots" to create fake user names of the format listed above in paragraph 61 to engage

8  in shill bidding.

9       65.    Even without the information from this individual, it is clear that so

10  many names with the similar form winning auctions strongly suggest that someone is

11  automatically generating these names and using them to bid up the prices on auctions.

12  The bidding itself could easily be done by either a person sitting at a computer, or by

13  an automated computer program designed to do such bidding.  Either way, Bidz.com

14  would be engaging in massive shilling practices which would be impossible for any

15  outsider to conclusively prove without a look at internal Company documents.  These

16  fake bidders would likely use other names and patterns as well, and the

17  abovementioned pattern is simply one that is very obvious.

18       66.    Such a shill bidder would bid on items to drive up the price, hoping to

19  force the real bidder or bidders to still purchase the item for a higher price by

20  dropping out before the real bidder reaches the higher price he or she is willing to pay.

21  Out of necessity, aggressive shill bidding results in the shill bidder winning some of

22  the time, but this any lost income in those auctions is more than cancelled out by

23  additional income from the vast majority of auctions where the real bidder wins.

24

---

[9] Michele Mazur, et al v. eBay, Inc., et al, Dkt No. C 07 3967 (MHP)

67.     A cursory look at eBay jewelry auctions, which logically would attract a very similar audience, shows that far, far fewer eBay users seem to use this format for user names compared to Bidz.com "users."  Unfortunately, a systematic comparison is impossible due to both the way eBay structures its website and the fact that it sometimes hides user names to prevent unsolicited messages.

68.     Bidz.com further misleads consumers by explicitly stating that shill bidding does not exist on its website, as its Terms and Conditions stress that "Shill bidding is prohibited on the site, that is the placing of bids or causing bids to be placed on any product for the purpose of artificially increasing or otherwise manipulating the bidding process on Bidz.com or the bid price of any product listed on the site, or influencing user behavior on Bidz.com."[10]

**E .     BIDZ.COM SELLS GOODS OF A SCANDALOUSLY LOW QUALITY.**

69.     Bidz.com represents that that jewelry items sold on its website "have significant resale potential for those looking to turn a profit and make perfect gifts. Many nation wide [sic] stores like the May Company, Wal Mart [sic] and Zales carry jewelry items which are parallel in quality."

70.     Bidz.com also makes an effort on its website to make the jewelry look high-quality and presentable.

71.     Plaintiff purchased a sub-par product from Bidz.com under a false impression that Bidz.com was selling quality products.

---

[10] http://www.bidz.com/ht/help?page=terms.

1    72.    Many other customers have complained about "base-grade . . . using

2  sound-alike names" that Bidz.com falsely sells as high-quality jewelry on websites

3  such as Epinions.com[11] and RipOffReport.com.[12]

### FIRST CLAIM FOR RELIEF

### (Violation of California Civil Code §§ 1750 et seq.)

6    73.    Plaintiff repeats and realleges the allegations contained in paragraphs 1

7  through 72 of this Complaint as is fully set forth herein.

8    74.    Plaintiff brings this claim individually and on behalf of the Class against

9  Defendants.

10    75.    At all times relevant hereto, Plaintiff and each Class member was a

11  "consumer," as that term is defined in Cal. Civ. Code § 1761(d).

12    76.    At all times relevant hereto, the auctions provided by Bidz.com

13  constituted a "service," as that term is defined in Civ. Code § 1761(b).

14    77.    At all times relevant hereto, Bidz.com's products, the jewelry and other

15  goods sold through their auction service, constituted "goods," as that term is defined

16  in Civ. Code § 1761(a).

17    78.    At all times relevant hereto, Bidz.com, David Zinberg, and Marina

18  Zinberg each constituted a "person," as that term is defined in Civ. Code § 1761(c).

19    79.    At all times relevant hereto, Plaintiff's and each class member's purchase

20  of a good through the Bidz.com website constituted a "transaction," as that term is

21  defined in Civ. Code § 1761(e).

---

[11] http://www.epinions.com/msg/show_~threads/cat_id_~22/id_~4248/forum_id_~145.
[12] http://www.ripoffreport.com/searchresults.asp?q1=ALL&q4=&q6=&q3=&q2=
&q7=&searchtype=0&submit2=Search!&q5=BIDZ.

80.     Cal. Civ. Code § 1770(a) provides in relevant part that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or what results in the sale or lease of goods or services to any consumer are unlawful: . . .

>      (2) Misrepresenting the source, sponsorship, approval, or certification of goods or services. . . .

>      (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . . .

>      (9) Advertising goods or services with the intent not to sell them as advertised. . . .

>      (13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions. . . .

>      (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not."

81.     Defendants have violated and continue to violate Civ. Code § 1770(a)(2) by representing that the goods sold through the Bidz.com website were of a significantly higher quality than they in fact were.

82.     Defendants have violated and continue to violate Civ. Code § 1770(a)(5) by representing that the auctions on the Bidz.com website were $1 No Reserve auctions with no shill bidding providing high quality goods, when they in fact were none of these things.

83.     Defendants have violated and continue to violate Civ. Code § 1770(a)(9) by advertising that its auctions were $1 No Reserve auctions with no shill bidding

1  providing high quality goods, when Defendants had no intent to provide such a
2  service as advertised.

3      84.    Defendants have violated and continue to violate Civ. Code §
4  1770(a)(13) by making statements that their goods all could be purchased for as little
5  as $1, a discount which did not exist due to rampant shill bidding.

6      85.    Defendants have violated and continue to violate Civ. Code §
7  1770(a)(16) by representing that the auction service they provided were in accordance
8  with a previous promise that the auctions were $1 No Reserve auctions with no shill
9  bidding providing high quality goods, when in fact this was false.

10     86.    Pursuant to Cal. Civ. Code § 1780(a), Plaintiff seeks an order enjoining
11 Defendants from engaging in the methods, acts, and practices alleged herein.

12     87.    Pursuant to Civ. Code § 1782, Plaintiff has given notice to each of
13 Defendants of Plaintiff's intention to file an action under Civ. Code §§ 1760 et seq.
14 unless Defendants correct or otherwise rectifies the consumer fraud resulting from
15 their misrepresentations. Copies of Plaintiff's CLRA notice to Bidz.com, David
16 Zinberg, and Marina Zinberg are attached hereto as Exhibits B, C, and D,
17 respectively.

18     88.    Also pursuant to Cal. Civ. Code § 1782, if Defendants do not "correct or
19 otherwise rectify" their illegal acts within 30 days, Plaintiff intends to amend this
20 Complaint to add claims for:

21          a.  actual damages;

22          b.  restitution of money to Plaintiff and Class members;

23          c.  punitive damages;

24          d.  attorneys' fees and costs; and

1        e.  other relief that this Court deems proper.

2    ## SECOND CLAIM FOR RELIEF

3    ### (Violation of California Business & Professions Code § 17200)

4        89.    Plaintiff repeats and realleges the allegations contained in paragraphs 1

5    through 88 of this Complaint as is fully set forth herein.

6        90.    California Business & Professions Code § 17200 prohibits all unlawful,

7    unfair, or fraudulent business practices and acts.  Said statute is liberally construed to

8    protect the public.

9        91.    In committing the acts alleged herein, Defendants have engaged and

10   continue to engage in an unlawful, unfair, and deceptive business practice in violation

11   of California Business & Professions Code § 17200.  Defendants' wrongful conduct

12   alleged herein is part of a pattern or generalized course of conduct that occurred and

13   continues to occur in the ordinary course of Defendants' business.  Thus, Defendants'

14   conduct impacts the public interest.

15       92.    Defendants' acts and practices have and are likely to deceive consumers.

16       93.    Defendants' acts and practices are unlawful because they violate Civ.

17   Code §§ 1572, 1573, 1709, 1710, 1770(a)(1), 1770(a)(2), 1770(a)(5), 1770(a)(9),

18   1770(a)(13), and 1770(a)(16); Cal. Bus. & Prof. Code §§ 17500 et seq.; and 18 U.S.C.

19   §§ 1341, 1343, and 1961.  Specifically, Defendants made false and deceptive

20   representations that they were providing $1 No Reserve auctions with no shill bidding

21   selling high quality goods.

22       94.    Pursuant to Business and Professions Code § 17204, Plaintiff and the

23   Class Members have standing to sue under Business and Professions Code § 17200

24

1  because, as set forth in detail above, Plaintiff and the Class Members have "suffered
2  injury in fact and have lost money or property as a result of the unfair competition."

3      95.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff, on behalf of
4  herself and all members of the class, seeks an order of this Court permanently
5  enjoining Defendants from continuing to engage in their unfair and unlawful conduct
6  as alleged herein.  Plaintiff also seeks an order awarding full restitution of all monies
7  wrongfully obtained.

8      96.    As the enforcement of Civ. Code §§ 1572, 1573, 1709, 1710, 1770(a)(1),
9  1770(a)(2), 1770(a)(5), 1770(a)(9), 1770(a)(13), and 1770(a)(16); Cal. Bus. & Prof.
10  Code §§ 17500 et seq.; and 18 U.S.C. §§ 1341, 1343, and 1961 *via* Business and
11  Professions Code sections 17200 and 17203 is an important right affecting the public
12  interest, namely consumers, Plaintiff and the Class Members seek reimbursement of
13  their attorneys' fees herein, under Code of Civil Procedure section 1021.5 and in
14  accordance with Hewlett v. Squaw Valley Ski Corp., 54 Cal. App. 4th 499 (1997),
15  because (a) a significant benefit, whether pecuniary or nonpecuniary, will be
16  conferred on the general public or a large class of persons, (b) the necessity and
17  financial burden of private enforcement are such as to make the award appropriate,
18  and (c) such fees should not in the interest of justice be paid out of the recovery, if
19  any.

20  / / /

21  / / /

22

23

24

1

## THIRD CLAIM FOR RELIEF

2

### (Violation of California Business & Professions Code § 17500)

3      97.    Plaintiff repeats and realleges the allegations contained in paragraphs 1

4  through 96 of this Complaint as is fully set forth herein.

5      98.    Plaintiff brings this claim individually and on behalf of the Class against

6  Defendants

7      99.    During the Class Period, Defendants marketed, advertised, and sold to

8  the public the Bidz.com service on a nationwide basis, including in California.

9      100.   Defendants have engaged in the advertising and marketing alleged herein

10  with the intent to directly or indirectly induce the use of the Bidz.com service.

11      101.   Defendants' advertisements and marketing representations that auctions

12  started at one dollar, had no reserve, prohibited shill bidding, and sold high-quality

13  merchandise similar to that sold in major retail outlets.

14      102.   At the time it made and disseminated the statements alleged herein,

15  Defendants knew or should have known that the statements were untrue, deceptive, or

16  misleading, and acted in violation of Cal. Bus. & Prof. Code §§ 17500 et seq.

17      103.   Defendants actively concealed their knowledge that its actions were

18  completely contradictory to previous representations made to consumers.

19      104.   Defendants' acts of untrue and misleading advertising present a

20  continuing threat to consumers because such advertisements induced consumers to

21  participate in the Bidz.com service, which is then operated under false pretenses.

22      105.   As a result of the violations of California law described above,

23  Defendants have been and will continue to be unjustly enriched at the expense of

24  Plaintiff and the members of the Class. Specifically, Defendants have been unjustly

1  enriched by receipt of millions of dollars in monies received from the fraudulent

2  auctions which were marketed, advertised, and sold in the State of California and the

3  United States through material misrepresentations regarding the state of the Bidz.com

4  service.

5      106.  As a result of the violations of California law described above, Plaintiff

6  and the members of the Class have suffered injury in fact and have lost money.

7      107.  Plaintiff seeks restitution, injunctive relief, and all other relief allowable

8  under Bus. & Prof. Code §§ 17535 et seq.

9                            **FOURTH CLAIM FOR RELIEF**

10                   **(Violation of California Civil Code §§ 1709, 1710)**

11      108.  Plaintiff repeats and realleges the allegations contained in paragraphs 1

12  through 107 of this Complaint as if fully set forth herein.

13      109.  Plaintiff brings this claim individually and on behalf of the Class against

14  Defendants.

15      110.  Cal. Civ. Code § 1709 prohibits willful deception of another with intent

16  to induce a detrimental change in position.

17      111.  Cal Civ. Code § 1710 provides in relevant part that that "deceit . . . is

18  either:

19          1. The suggestion, as a fact, of that which is not true, by one who does

20          not believe it to be true;

21          2. The assertion, as a fact, of that which is not true, by one who has no

22          reasonable ground for believing it to be true;

23

24

1            3. The suppression of a fact, by one who is bound to disclose it, or who

2            gives information of other facts which are likely to mislead for want of

3            communication of that fact; or,

4            4. A promise, made without any intention of performing it."

5      112.  Defendants have violated and continue to violate Civ. Code § 1710(1) by

6 suggesting that their auctions provided $1 No Reserve auctions with no shill bidding

7 selling high quality goods, when Defendants did not believe this to be true.

8      113.  Defendants have violated and continue to violate Civ. Code § 1710(2) by

9 asserting that their service provided $1 No Reserve auctions with no shill bidding

10 selling high quality goods, when they had no reasonable grounds for believing this to

11 be true.

12      114.  Defendants have violated and continue to violate Civ. Code § 1710(3) by

13 suppressing the fact that their auctions were not $1 No Reserve auctions, were

14 rampant with shill bidding, and sold goods markedly inferior to the quality standards

15 which Defendants claimed to adhere to.

16      115.  Defendants have violated and continue to violate Civ. Code § 1710(4) by

17 promising that the auctions on their auctions were $1 No Reserve auctions with no

18 shill bidding selling high quality goods, when Defendants had no intent to perform on

19 this promise.

20      116.  Plaintiff and members of the Class were harmed by Defendants'

21 allegations regarding the fairness and safety of the auctions because they would not

22 have participated in the auctions had they known that they were offered under false

23 pretenses, were rigged, and sold extremely low-quality goods.

24

1   117.   Pursuant to Cal. Civ. Code § 1709, Defendants are liable for any damage

2   which was proximately caused to Plaintiff and members of the Class by Defendants'

3   deceit.

4   118.   Defendants' actions described above were done oppressively,

5   maliciously and fraudulently, thereby justifying an award of exemplary and punitive

6   damages in favor of Plaintiffs and the Class Members.

7   **FIFTH CLAIM FOR RELIEF**

8   **(Violation of California Civil Code § 1572)**

9   119.   Plaintiff repeats and realleges the allegations contained in paragraphs 1

10   through 118 of this Complaint as if fully set forth herein.

11   120.   Plaintiff brings this claim individually and on behalf of the Class against

12   Defendants.

13   121.   Cal. Civ. Code § 1572 provides in relevant part that "[a]ctual fraud . . .

14   consists in any of the following acts, committed by a party to the contract, or with his

15   connivance, with intent to deceive another party thereto, or to induce him to enter into

16   the contract:

17   1. The suggestion, as a fact, of that which is not true, by one who does

18   not believe it to be true;

19   2. The positive assertion, in a manner not warranted by the information

20   of the person making it, of that which is not true, though he believes it to

21   be true;

22   3. The suppression of that which is true, by one having knowledge or

23   belief of the fact;

24   4. A promise made without any intention of performing it; or,

1             5. Any other act fitted to deceive."

2        122.   Defendants have violated and continue to violate Civ. Code § 1572(1) by

3 suggesting that their auctions provided $1 No Reserve auctions with no shill bidding

4 selling high quality goods, when Defendants did not believe this to be true.

5        123.   Defendants have violated and continue to violate Civ. Code § 1572(2) by

6 asserting that their service provided $1 No Reserve auctions with no shill bidding

7 selling high quality goods, when they had no reasonable grounds for believing this to

8 be true.

9        124.   Defendants have violated and continue to violate Civ. Code § 1572(3) by

10 suppressing the fact that their auctions were not $1 No Reserve auctions, were

11 rampant with shill bidding, and sold goods markedly inferior to the quality standards

12 which Defendants claimed to adhere to.

13        125.   Defendants have violated and continue to violate Civ. Code § 1572(4) by

14 promising that the auctions on their auctions were $1 No Reserve auctions with no

15 shill bidding selling high quality goods, when Defendants had no intent to perform on

16 this promise.

17        126.   Defendants have violated and continue to violate Civ. Code § 1572(5) by

18 making false misrepresentations which were intended to lure their customers into

19 auctions.

20        127.   As a direct and proximate result of Defendants' fraud, Plaintiff and the

21 members of the Class have and will continue to suffer damages.

22        128.   Plaintiff seeks damages against Defendants including but not limited to

23 disgorgement of all proceeds Defendants obtained from the contracts entered into with

24 Plaintiff and the members of the Class as well as pre-judgment interests and costs.

1    129.   Defendants' actions described above were done oppressively,

2   maliciously and fraudulently, thereby justifying an award of exemplary and punitive

3   damages in favor of Plaintiffs and the Class Members.

4                        **SIXTH CLAIM FOR RELIEF**

5                  **(Violation of California Civil Code § 1573)**

6    130.   Plaintiff repeats and realleges the allegations contained in paragraphs 1

7   through 129 of this Complaint as if fully set forth herein.

8    131.   Plaintiff brings this claim individually and on behalf of the Class against

9   Defendants

10    132.   Cal Civ. Code § 1573(1) provides in relevant part that that

11   "[c]onstructive fraud consists . . . [i]n any breach of duty which, without an actually

12   fraudulent intent, gains an advantage . . . by misleading another to his prejudice . . ."

13    133.   Defendants have violated and continue to violate Civ. Code § 1573(1) by

14   misleading Plaintiff and the members of the Class to believe that the auctions on the

15   Bidz.com service were $1 No Reserve auctions with no shill bidding selling high

16   quality goods.  These actions constituted constructive fraud because they gave

17   Defendants an unfair advantage, achieved by unfair means, over Plaintiff and the

18   members of the Class.

19    134.   As a direct and proximate result of Defendants' constructive fraud,

20   Plaintiff and the members of the Class have and will continue to suffer damages.

21    135.   Plaintiff seeks damages against Defendants including but not limited to

22   disgorgement of all proceeds Defendants' obtained from their unlawful business

23   practices as well as pre-judgment interests and costs.

24

1      136.  Defendants' actions described above were done oppressively,

2  maliciously and fraudulently, thereby justifying an award of exemplary and punitive

3  damages in favor of Plaintiffs and the Class Members.

4                              **SEVENTH CLAIM FOR RELIEF**

5                                  **(Breach of Contract)**

6      137.  Plaintiff repeats and realleges the allegations contained in paragraphs 1

7  through 136 of this Complaint as if fully set forth herein.

8      138.  Plaintiff brings this claim individually and on behalf of the Class against

9  Defendants

10     139.  Defendants made representations that the auctions on the Bidz.com

11  service were $1 No Reserve auctions with no shill bidding selling high quality goods.

12     140.  Defendants do not have any valid defense to the formation of the

13  contract.

14     141.  Plaintiff complied with all terms and conditions of the contract.

15     142.  Defendants breached the contract by failing to perform on its promise to

16  provide $1 No Reserve auctions with no shill bidding selling high quality goods.

17     143.  Defendants are aware of these violations of the contract and have taken

18  no steps to correct these violations.

19     144.  As a direct and proximate result of Defendants' breach of contract,

20  Plaintiff and the members of the Class have and will continue to suffer damages.

21     145.  Plaintiff and Class Members seek damages from Defendants including

22  but not limited to disgorgement of all proceeds Defendants' obtained from the

23  contracts entered into with Plaintiff and the members of the Class as well as pre-

24  judgment interests and costs.

1

2

## EIGHTH CLAIM FOR RELIEF

### (Unjust Enrichment)

3    146.   Plaintiff repeats and realleges the allegations contained in paragraphs 1

4 through 145 of this Complaint as if fully set forth herein.

5    147.   Plaintiff brings this claim individually and on behalf of the Class against

6 Defendants.

7    148.   Through its unlawful shill bidding practices referenced hereinabove,

8 Defendants have unlawfully enriched themselves at the cost of innocent bidders.

9 Plaintiff and members of the Class have suffered harm as a proximate result of the

10 violations of law and wrongful conduct of Defendants as alleged herein.

11    149.   If Defendants are permitted to keep monies collected under such false

12 pretenses, it will be unjustly enriched at the expense of members of the Class.

13    150.   Plaintiff seeks an order requiring Defendants to:

14        a.   immediately cease their unlawful acts and practices;

15        b.   make full restitution of all monies wrongfully obtained; and

16        c.   disgorge all ill-gotten revenues.

17

## NINTH CLAIM FOR RELIEF

### (Violation of 18 U.S.C. § 1962(c))

18

19    151.   Plaintiff repeats and realleges the allegations contained in paragraphs 1

20 through 150 of this Complaint as if fully set forth herein.

21    152.   Plaintiff brings this claim individually and on behalf of the Class against

22 Defendants.

23    153.   All defendants have acted in violation of RICO, 18 U.S.C. § 1962(c), to

24 the detriment of Plaintiff and members of the Class.

154.  At all times relevant to this Complaint, Bidz.com, David Zinberg, and Marina Zinberg were each "person[s]" within the meaning of 18 U.S.C. § 1961(3).

155.  At all times relevant to this Complaint, the Zinbergs had ongoing business relationships with Bidz.com, whereby the Zinbergs provided management services for Bidz.com in exchange for compensation.

156.  The Zinbergs' ongoing business relationships with HJA constituted an enterprise, within the meaning 18 U.S.C. § 1961(4), that was engaged in, or the activities of which affected, interstate or foreign commerce (the "Zinberg-Bidz.com Enterprise").

157.  The members of the Zinberg-Bidz.com Enterprise had defined roles, and the enterprises as a whole had ongoing existences, structures, and hierarchies.

158.  As set forth more fully above, Defendants corrupted the Zinberg-Bidz.com Enterprise and caused Plaintiff and members of the Class damages through a pattern of racketeering activity.  At all times relevant to this Complaint, Defendants were persons associated with the Zinberg-Bidz.com Enterprise and conducted or participated, directly or indirectly, in the operation and management of the Zinberg-Bidz.com Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1981(1) and (5) and § 1962(c).  This pattern of racketeering activity entailed at least two acts of racketeering activity by Defendants, at least one of which occurred within ten years after the commission of a prior act of racketeering activity.

159.  The aforementioned pattern of racketeering consisted of a multitude of acts that are indictable under, inter alia, 18 U.S.C. §§ 1341, 1343, and 1346 and are within the scope of 18 U.S.C. 1961(1)(A) and (1)(B).  As set out more fully herein, the commission of those related predicate acts over the period of time alleged

1   constituted a continuous and related pattern of racketeering activity as defined in 18
2   U.S.C. § 1961(1) and (5).

3       160.   As part of and in furtherance of the fraudulent schemes and artifices
4   described in paragraphs 25 through 68 above, Defendants made repeated use of, or
5   had reason to believe that others would use, the U.S. Postal Service, interstate
6   overnight couriers, and the interstate wires to transmit various documents,
7   information, and items including, inter alia, websites, images, terms and conditions,
8   and the jewelry itself (the "Transmissions").

9       161.   Each Transmission constituted either the transmittal by means of wire
10  communication in interstate commerce of signals, sounds, or writings; the use of the
11  U.S. Postal Service; or the use of interstate overnight couriers for the purpose of
12  executing or in connection with the aforementioned schemes and artifices to defraud.
13  Defendants knew or had reason to believe that these Transmissions were in
14  furtherance of executing the aforementioned schemes or artifices or were incidental to
15  an essential part of these schemes or artifices.

16      162.   Defendants made or caused these Transmissions to be made with the
17  specific intent of defrauding Plaintiff, the members of the Class, and others.  Each of
18  these Transmissions furthered the aforementioned schemes and artifices to defraud,
19  which were intended to and did proximately cause injury to Plaintiff, the members of
20  the Class, and others in their business and property and deprived Plaintiff and the
21  members of the Class of the intangible right to honest services with those they
22  engaged in business with. Those acts constituted offenses indictable as crimes under,
23  inter alia, the "mail fraud" and "wire fraud" statutes, 18 U.S.C. §§ 1341, 1343, and
24  1346.

1     163.   Plaintiff and the members of the Class reasonably relied upon the written

2   statements made to them by Defendants in connection with the aforementioned

3   schemes or artifices to defraud.

4     164.   As a direct and proximate result of the foregoing pattern of racketeering,

5   Plaintiff and the members of the Class have suffered damage to their businesses and

6   property and are entitled to receive treble the damages that they have suffered due to

7   Defendants' violations of 18 U.S.C. § 1962(c).

8   / / /

9   / / /

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants, as follows:

(a)     an order certifying the Class, and appointing Plaintiff and her undersigned counsel of record to represent the Class;

(b)     a permanent injunction enjoining Defendants, their partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with them, directly or indirectly, or in any manner, form or in any way engaging in the practices set forth herein;

(c)     a permanent injunction enjoining Defendants, their partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with them, directly or indirectly, or in any manner, form or in any way utilizing any monies acquired by Defendants' unfair business practices, including all profits, revenues, and proceeds both direct and indirect;

(d)     imposition of a constructive trust upon all monies and assets Defendants have acquired as a result of their unfair practices;

(e)     compensatory damages and full restitution of all funds acquired from Defendants' unfair business practices, including disgorgement of profits;

(f)     actual damages suffered by Plaintiff and Class members;

(g)     trebling of all damages awarded under 18 U.S.C. § 1962(c);

(h)     punitive damages, to be awarded to Plaintiff and each Class member;

(i)     costs of suit herein;

(j)     investigation costs;

(k)     both pre- and post-judgment interest on any amounts awarded;

(l)     payment of reasonable attorneys' fees;

1    (m)    declaratory relief;  and

2    (n)    such other and further relief as the Court may deem just and proper.

3                            **<u>JURY DEMAND</u>**

4    Plaintiff demands trial by jury on all issues so triable.

5

6    Dated:  August 22, 2008                    FERRUCCI LAW GROUP, APC

7

8                                          By: _____

9                                              Kurt A. Ressler
                                               *Associate Counsel for Plaintiffs and the Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# Exhibit A



# Exhibit B



August 21, 2008

<u>*CERTIFIED MAIL – RETURN RECEIPT REQUESTED*</u>

Bidz.com
Attn: Managing Agent
3562 Eastham Drive
Culver City, California  90232

      Re:    <u>Notice of Violation Pursuant to CCLRA § 1782</u>

Dear Sir or Madam:

      Pursuant to § 1782 of the California Consumers Legal Remedies Act, our client, Marla Tidenberg, hereby notifies you that she believes Bidz.com has violated California Civil Code § 1750 et seq., and that she will file suit on behalf of herself and a class of similarly situated consumers (the "Class") unless Bidz.com rectifies the consumer fraud resulting from the misrepresentation of the Bidz.com service described below.

      Marla Tidenberg alleges that Bidz.com has made false and misleading statements and has concealed material information in the marketing and advertising of Bidz.com to consumers during the period August 21, 2001, to the present.  Bidz.com marketed and profited off of Bidz.com by promising that all auctions were "$1 No Reserve" auctions, there was no shill bidding, and that the jewelry sold was comparable in quality to that provided by mainstream retail stores.  Marla Tidenberg and thousands of other consumers used the Bidz.com service pursuant to these promises, yet Bidz.com failed to provide consumers, including Marla Tidenberg and Class members, with the promised service.

      As a result of Bidz.com's false and misleading statements and failure to honor the promise that Bidz.com provided a the abovementioned services, Marla Tidenberg and the Class have suffered pecuniary loses, including but not limited to extra money spent due to the shill bidding which seems to run rampant through most if not all of Bidz.com's jewelry auctions.

      Marla Tidenberg hereby demands that Bidz.com immediately refund to her and all users of Bidz.com during the period from August 21, 2001, to the present all monies made through their participation in the Bidz.com service. Marla Tidenberg further demands that Bidz.com cease representing that it offers "$1 No Reserve" auctions free from shill bidding providing high-quality jewelry.



Sincerely,

John Balestriere
Balestriere Lanza PLLC

Reg  red No.

RE129779510US

| To Be Completed By Post Office | Reg. Fee | $ | Special | $ | 0005 |
| | Handling Charge | $ $10.00 | Delivery | | |
| | | | Return Receipt | $ $0.00 | 13 |
| | Postage | $ $0.00 | Restricted Delivery | $ $0.00 | 08/21/08 |
| | Received by | $0.42 | | | Domestic Insurance Is Limited To $25,000; International Indemnity Is Limited (See Reverse) |

Customer Must Declare Full Value $
$0.00

☐ With Postal Insurance
☐ Without Postal Insurance

**To Be Completed By Customer** (Please Print) All Entries Must Be in Ballpoint or Typed

FROM
BALESTRIERE LANZA PLLC
225 BROADWAY SUITE 2900
10007
NEW YORK, NY 10007

TO
DAVID ZIMBERS, BIDZ.COM
2562 EASTHAM DRIVE
CULVER CITY CA 90232
CULVER CITY, CALIFORNIA 90232

PS Form **3806**,
June 2000

**Receipt for Registered Mail**

*(Customer Copy)*
*(See Information on Reverse)*

# Exhibit C



August 21, 2008

<u>CERTIFIED MAIL – RETURN RECEIPT REQUESTED</u>

David Zinberg
Chairman of the Board, President, Chief Executive Officer
Bidz.com
3562 Eastham Drive
Culver City, California  90232

<u>Re:</u>    Notice of Violation Pursuant to CCLRA § 1782

Dear Mr. Zinberg:

Pursuant to § 1782 of the California Consumers Legal Remedies Act, our client, Marla Tidenberg, hereby notifies you that she believes Bidz.com has violated California Civil Code § 1750 et seq., and that she will file suit on behalf of herself and a class of similarly situated consumers (the "Class") unless Bidz.com rectifies the consumer fraud resulting from the misrepresentation of the Bidz.com service described below.

Marla Tidenberg alleges that Bidz.com has made false and misleading statements and has concealed material information in the marketing and advertising of Bidz.com to consumers during the period August 21, 2001, to the present. Bidz.com marketed and profited off of Bidz.com by promising that all auctions were "$1 No Reserve" auctions, there was no shill bidding, and that the jewelry sold was comparable in quality to that provided by mainstream retail stores.  Marla Tidenberg and thousands of other consumers used the Bidz.com service pursuant to these promises, yet Bidz.com failed to provide consumers, including Marla Tidenberg and Class members, with the promised service.

As a result of Bidz.com's false and misleading statements and failure to honor the promise that Bidz.com provided a the abovementioned services, Marla Tidenberg and the Class have suffered pecuniary loses, including but not limited to extra money spent due to the shill bidding which seems to run rampant through most if not all of Bidz.com's jewelry auctions.

Marla Tidenberg hereby demands that Bidz.com immediately refund to her and all users of Bidz.com during the period from August 21, 2001, to the present all monies made through their participation in the Bidz.com service. Marla Tidenberg further demands that Bidz.com cease representing that it offers "$1 No Reserve" auctions free from shill bidding providing high-quality jewelry.



Sincerely,

John Balestriere
Balestriere Lanza PLLC

Registered N

RE129779523US

| | | | | |
|---|---|---|---|---|
| Reg. Fee $ | $10.00 | Special Delivery $ | | 0005 |
| Handling Charge $ | $0.00 | Return Receipt $ | $0.00 | 13 JG 21 2008 |
| Postage $ | $0.42 | Restricted Delivery $ | $0.00 | 08/21/08 |

To Be Completed By Post Office

Received by

Domestic Insurance Is Limited To $25,000; International Indemnity Is Limited (See Reverse)

Customer Must Declare Full Value $ $0.00

With Postal Insurance
Without Postal Insurance

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

FROM

BALESTRIERE LANZA PLLC
225 BROADWAY SUITE 2900
NEW YORK, NY 10007

TO

BIDZ.COM
A CULVER (CA 90232) AGENT
3562 EASTHAM DRIVE
CULVER CITY, CALIFORNIA 90232

PS Form 3806, June 2000

Receipt for Registered Mail
(Customer Copy)
(See Information on Reverse)

www. USPS.com

# Exhibit D



August 21, 2008

<u>*CERTIFIED MAIL – RETURN RECEIPT REQUESTED*</u>

Marina Zinberg
Vice President
Bidz.com
3562 Eastham Drive
Culver City, California  90232

      <u>Re:</u>     Notice of Violation Pursuant to CCLRA § 1782

Dear Mrs. Zinberg:

      Pursuant to § 1782 of the California Consumers Legal Remedies Act, our client, Marla Tidenberg, hereby notifies you that she believes Bidz.com has violated California Civil Code § 1750 et seq., and that she will file suit on behalf of herself and a class of similarly situated consumers (the "Class") unless Bidz.com rectifies the consumer fraud resulting from the misrepresentation of the Bidz.com service described below.

      Marla Tidenberg alleges that Bidz.com has made false and misleading statements and has concealed material information in the marketing and advertising of Bidz.com to consumers during the period August 21, 2001, to the present.  Bidz.com marketed and profited off of Bidz.com by promising that all auctions were "$1 No Reserve" auctions, there was no shill bidding, and that the jewelry sold was comparable in quality to that provided by mainstream retail stores.  Marla Tidenberg and thousands of other consumers used the Bidz.com service pursuant to these promises, yet Bidz.com failed to provide consumers, including Marla Tidenberg and Class members, with the promised service.

      As a result of Bidz.com's false and misleading statements and failure to honor the promise that Bidz.com provided a the abovementioned services, Marla Tidenberg and the Class have suffered pecuniary loses, including but not limited to extra money spent due to the shill bidding which seems to run rampant through most if not all of Bidz.com's jewelry auctions.

      Marla Tidenberg hereby demands that Bidz.com immediately refund to her and all users of Bidz.com during the period from August 21, 2001, to the present all monies made through their participation in the Bidz.com service. Marla Tidenberg further demands that Bidz.com cease representing that it offers "$1 No Reserve" auctions free from shill bidding providing high-quality jewelry.



Sincerely,

John Balestriere
Balestriere Lanza PLLC

RE129779506US

| | Reg. Fee $ | $10.00 | Special Delivery | $ | ... |
| | Handling Charge | $ | $0.00 | Return Receipt | $ $0.00 |
| | Postage | $ | $0.42 | Restricted Delivery | $ $0.00 |
| | Received by | | | | 08/21/2008 |

To Be Completed By Post Office

Domestic Insurance Is Limited To $25,000; International Indemnity Is Limited (See Reverse)

Customer Must Declare Full Value $ $0.00

☐ With Postal Insurance
☐ Without Postal Insurance

To Be Completed By Customer (Please Print) All Entries Must Be In Ballpoint or Typed

**FROM**

BALESTRIERE LANZA PLLC
225 Broadway SUITE 2900
NEW YORK, NY 10007

**TO**

MARINA ZWBERG ; BIDZ.COM
3562 EASTHAM DRIVE
CULVER CITY, CALIFORNIA 90232

PS Form **3806,** June 2000    **Receipt for Registered Mail**    (Customer Copy)
(See Information on Reverse)