UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#36/37

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Defendants' Motion to Dismiss

Before this Court is Defendants' Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the Motion.

I.   BACKGROUND

Defendant David Zinberg ("Mr. Zinberg") is the founder, chief executive officer, president, and chairman of the board of Defendant BIDZ.com, Inc. ("Bidz.com"). *Second Amended Complaint* ("SAC") ¶ 10. He also owns roughly 3 million of the 23.38 million outstanding shares of Bidz.com, giving him a 12.7% stake in the company. *Id.* at ¶ 31. His sister, Defendant Marina Zinberg ("Ms. Zinberg"), is a Vice President of Bidz.com and, like her brother, owns a number of shares in the company. *Id.* at ¶ 11. Specifically, she controls more than 7.5 million shares of Bidz.com, giving her a 32.9% stake in the company. *Id.* at ¶ 32.

This lawsuit concerns activities that occur on a website run by Bidz.com. From this website, Bidz.com sells closeout and non-closeout merchandise using a live-auction format, with no reserve prices and $1 opening bids, even on items that might retail for thousands of dollars. *Id.* at ¶ 35. Specifically, the principal impetus for this lawsuit is an incident involving Marla Tidenberg ("Plaintiff"). On September 30, 2007, Plaintiff purchased a ring from Bidz.com "under a false impression that Bidz.com was selling high-quality goods." *Id.* at ¶ 72. Plaintiff paid a total of $37.03 for this good ($25.00 for the ring itself, $10.95 for shipping and handling, and a transaction fee of $1.08). *Id.* Upon receipt of the ring, Plaintiff inspected it, only to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#36/37

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

discover that "it was not of the high-quality that she expected based on the website's representations."

On August 22, 2008, Plaintiff filed a class action complaint against Bidz.com and Mr. and Ms. Zinberg (collectively, "Defendants"). Then, on January 20, 2009, Plaintiff filed a SAC. In her SAC, Plaintiff alleges that Plaintiff and a class of other similarly situated persons are the victims of a "massive and systematic fraud" committed by Defendants. Plaintiff further alleges that the company makes money by misrepresenting the quality of its merchandise and engaging in a practice called "shill bidding," in spite of an admonition in its Terms and Conditions on the website that declares:

> Shill bidding is prohibited on the site, that is the placing of bids or causing bids to be placed on any product for the purpose of artificially increasing or otherwise manipulating the bidding process on Bidz.com or the bid price of any product listed on the site, or influencing user behavior on Bidz.com

*SAC* ¶ 68.

As evidence of this shill bidding, Plaintiff points out that many of the putative bidders on the website have names in a similar format: a nickname followed by a string of four numbers.[1] According to Plaintiff, the similarity of these names "strongly suggest[s] that someone is automatically generating these names and using them to bid up the prices on auctions." Plaintiff also alleges that her counsel has spoken with at least three people—two so-called "informants" and a so-called "insider"—who confirmed that Bidz.com engages in shill bidding. *Id.* at ¶ 62. This insider, according to Plaintiff, "knew," albeit upon information and belief, "that Bidz.com used so-called 'bots' to create fake user names" to engage in shill bidding. *Id.* at ¶ 62. Allegedly, one of the two informants contacted Plaintiff's counsel in November of 2008 and pointed out to Plaintiff's counsel "a long list of bidders whose main function appears to be to bid in early stages of auctions in order to ensure a certain minimum price is achieved." *Id.* at ¶ 63.

Plaintiff asserts nine causes of action against all three defendants. Presently, Defendants move to dismiss seven of these causes of action under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") for failure to plead averments of fraud with particularity, and under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim.

---

[1] For example: al5180, alex2662, andy7303, angelsman4703. *Id* at ¶ 60.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#36/37**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

II.     LEGAL STANDARD

     A.     Rule 9(b) of the Federal Rules of Civil Procedure

Under Rule 9(b), the "circumstances constituting fraud" must be stated with particularity. *See* Fed. R. Civ. P. 9(b). The Ninth Circuit has explained that the reference to "circumstances constituting fraud" requires, at a minimum, that the claimant pleads evidentiary facts, such as time, place, persons, statements, and explanations of why the statements are misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted) (noting that the pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong"); *see also In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1548; *see also Fecht v. Price Co.,* 70 F.3d 1078, 1082 (9th Cir. 1995) (observing that plaintiffs seeking to satisfy Rule 9(b) must "set forth an explanation as to why the statement or omission complained of was false and misleading").

     B.     Rule 12(b)(6) of the Federal Rules of Civil Procedure

Under Rule 12(b)(6), a party may move to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Importantly, though, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

In deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and must also construe all reasonable

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#36/37**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

III.   DISCUSSION

Defendants presently move to dismiss seven Causes of Action asserted against it on what are essentially three different grounds. First, they argue that Plaintiff lacks standing to assert two of her claims (to wit, her Second and Third Causes of Action). Second, they contend that Plaintiff's fraud and fraud-based Causes of Action fail under Rule 9(b). And, lastly, they argue that Plaintiff's Causes of Action fail under Rule 12(b)(6). Each of these arguments is addressed, in turn.

   A.   Whether Plaintiff Has Standing to Assert Her Second and Third Causes of Action

The Court first addresses the issue of standing as it relates to Plaintiff's Second and Third Causes of Action. Plaintiff's Second and Third Causes of Action are brought under sections 17200 and 17500 of California's Business and Professions Code, respectively. Section 17200, commonly referred to as California's Unfair Competition Law ("UCL"), bans unfair business practices and authorizes injunctive and restitutionary relief against "[a]ny person who engages . . . in unfair competition." *See* Cal. Bus. & Prof. Code §§ 17200, 17203. In comparison, section 17500, commonly referred to as California's False Advertising Law ("FAL"), prohibits, as its name suggests, false advertising. *See* Cal. Bus. & Prof. § 17500.

Defendants take the position that Plaintiff lacks standing for two alternative reasons. First, she cannot demonstrate the "actual injury" component of standing. Second, they argue that, based on the present circumstances, the UCL and FAL do not apply extraterritorially. For the reasons that follow, only the second of these arguments has merit.

      1.   Plaintiff Has Demonstrated the "Actual Injury" Component of Standing

As both parties are aware, it is well-established that Article III requires a party who invokes the court's authority to "show that [she] personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . . This is the 'actual injury' component of the standing doctrine; it requires an injury to be 'real and immediate,' not merely 'conjectural' or 'hypothetical.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (internal citations and quotation marks omitted). Further, where, as here, a claim is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

#36/37

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

brought under the UCL or the FAL, a person must demonstrate that she has "lost money or property" as a result of such unfair competition or false advertising. *Buckland v. Threshold Enter., Ltd.*, 155 Cal. App. 4th 798, 812, 817, & 819, 66 Cal. Rptr. 3d 543 (2007); *see also Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227, 46 Cal. Rptr. 3d 57 (2006).

Plaintiff contends that her purchase of the ring amounted to an injury in fact. And indeed it does. On September 30, 2007, Plaintiff purchased a ring from Bidz.com for $25.00. *SAC* ¶ 72. Plaintiff alleges, however, that the ring "was not worth the price that she paid Bidz.com." *Id.* Put otherwise, Plaintiff "lost money" on her purchase. Consequently, Plaintiff has demonstrated the "actual injury" component of standing.

        2.        <u>Nonresidents of California May Not Invoke the UCL or FAL When the Allegedly Unlawful Conduct Does Not Occur Inside California</u>

Next the Court considers whether Plaintiff, an admitted Texas resident, can avail herself of the UCL and the FAL. As observed by the California Court of Appeal in *Nw. Mortgage, Inc. v. Superior Court,* 72 Cal. App. 4th 214, 85 Cal. Rptr. 2d 18 (1999), the UCL was neither designed or intended to regulate claims of non-residents arising from conduct occurring entirely outside of California. *Id.* at 222; *see also Sullivan v. Oracle Corp.*, 547 F.3d 1177, 1187 (9th Cir. 2008) (refusing to apply section 17200 to claims of nonresidents of California of conduct that took place outside of California). However, "state statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California." *Nw. Mortgage, Inc.*, 72 Cal. App. 4th at 224-25. Similarly, by its own terms, California's FAL applies only when the conduct complained of occurred in California. The FAL prohibits false or misleading statements made "before the public *in this state*" and "*from this state* before the public in any state." Cal. Bus. & Prof. Code § 17500 (emphases added).

The critical issues here are whether the injury occurred in California and whether the conduct of Defendants occurred in California. If neither of these questions can be answered in the affirmative, then Plaintiff will be unable to avail herself of these laws. Beginning with the first issue, it is unclear from the SAC exactly where Plaintiff was when she purchased the ring. Plaintiff simply alleges that she made a purchase via Bidz.com's website. *SAC* ¶¶ 8 & 72. In theory, Plaintiff could have accessed this website from a computer located in California. However, the more reasonable inference is that Plaintiff accessed this website from a computer in Texas, the state where she resides. *See Broam*, 320 F.3d at 1028. Therefore, the only

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#36/37**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

remaining way for Plaintiff to show that these statutes can be applied to her claims is if she can show that Defendants' allegedly unlawful conduct took place in California. *Nw. Mortgage, Inc.*, 72 Cal. App. 4th at 224-25; Cal. Bus. & Prof. Code § 17500.

Apparently, Plaintiff believes that because Bidz.com's principal place of business is in California, a fact that Defendants concede, the Court can presume that any false and misleading statements emanated from California. But the bulk of authority counsels against making such an assumption. Although the fact that Bidz.com does business in California gives California personal jurisdiction over Bidz.com, the Supreme Court has specifically admonished that the existence of personal jurisdiction over a defendant does not alone permit application of the forum law to the claims of nonresident plaintiffs. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985); *see also Nw. Mortgage, Inc.*, 72 Cal. App. 4th at 226. Rather, a nonresident plaintiff must allege that there is "significant contact or a significant aggregation of contacts to the claims asserted by each member of the plaintiff class" to ensure that application of the state law to a defendant's conduct would not violate the Constitution. *See Standfacts Credit Servs., Inc. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141, 1147 (C.D. Cal. 2005) (citing *Nw. Mortgage, Inc.*, 72 Cal. App. 4th at 226).

Plaintiff does not allege any specific facts linking Defendants' contacts with California to the claims Plaintiff asserts against them. Instead, she only alleges that Bidz.com's principal place of business is in California. Also, noticeably absent from the SAC are allegations concerning Mr. and Ms. Zinberg's own individual contacts with California. Thus, the SAC insufficiently establishes the constitutionally-mandated "significant contact" with California. *See Nw. Mortgage, Inc.*, 72 Cal. App. 4th at 227 & n.16 (citing *Shutts,* 472 U.S. at p. 822). Accordingly, the Court concludes that Plaintiff lacks standing to assert claims under the UCL and the FAL. For this reason, the Court GRANTS Defendants' Motion insofar as it relates to Plaintiff's Second and Third Causes of Action.

  B. <u>Whether Plaintiff's Remaining Causes of Action Should Be Dismissed Under Rule 9(b)</u>

The Court next considers whether Plaintiff's remaining Causes of Action should be dismissed under Rule 9(b) for failure to plead averments of fraud with particularity. As an initial matter, though, the Court must clarify which of these claims is subject to the heightened pleading requirement found in Rule 9(b), as the parties dispute the applicability of Rule 9(b) in this case.

    1. <u>All of Plaintiff's Claims Are Subject to Rule 9(b)</u>

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#36/37

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

It is well-established that the heightened pleading standard applies to allegations of fraud. *In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547. Accordingly, Plaintiff's Fifth and Sixth Causes of Action for actual and constructive fraud, respectively, are subject to Rule 9(b). It is also beyond dispute that the heightened pleading standard applies to claims "grounded in fraud" or that "sound in fraud." As the Ninth Circuit explained in *Vess v. Ciba-Geigy Corp. USA*:

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).

317 F.3d 1103-04. Thus, the critical issue here is whether Plaintiff's First, Fourth, and Ninth Causes of Action are "grounded in fraud." *Id.*

Plaintiff's First Cause of Action asserts a claim under the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq, and rests on allegations that Defendants have violated the CRLA by (1) representing that the goods sold through the Bidz.com website were of a significantly higher quality than they in fact were; (2) by advertising that its auctions were $1 No Reserve auctions with no shill bidding, when they had no intent to provide such a service as advertised; and, (3) by representing that their goods could be purchased for as little as $1, even though such a discount did not exist due to rampant shill bidding. *See SAC* ¶¶ 81-86. Put otherwise, Plaintiff alleges that Defendants have violated the CRLA by engaging in a "massive and systematic fraud" through shill bidding and misrepresentations. *SAC* ¶ 1. As this "unified course of conduct" is the sole basis on which this claim rests, the claim is deemed to be one that is "grounded in fraud." *Vess*, 317 F.3d 1103-04. Accordingly, it must satisfy the particularity of Rule 9(b). *Id.* at 1304; *see also Buckland*, 155 Cal. App. 4th at 809 (confirming that CLRA claims can be grounded in fraud).

The Court reaches a similar conclusion with regard to Plaintiff's Fourth and Ninth Causes of Action. Like her First Cause of Action, Plaintiff's Fourth and Ninth Causes of Action rest on allegations of a "massive and systematic fraud" perpetrated on Plaintiff and other class members. Specifically, in connection with her Fourth Cause of Action, which asserts violations of California Civil Code sections 1709 and 1710, Plaintiff alleges that Defendants have violated

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#36/37

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

California law by (1) suggesting that their auctions provided $1 No Reserve auctions with no shill bidding, when Defendants did not have reasonable ground for believing this is true or in fact believed this to be true; (2) suppressing the fact that their auctions were not $1 No reserve auctions, were rampant with shill bidding, and that they sold goods markedly inferior to the quality standards to which Defendants claimed to adhere; and (3) by promising that the auctions were $1 No Reserve auctions with no shill bidding, when Defendants had not intent to perform on this promise. *See SAC* at ¶¶ 110-114. Her Ninth Cause of Action, by comparison, alleges that Defendants violated the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), by repeatedly using the United States Postal Service, interstate overnight couriers, and the interstate wires to transmit signals, sounds, or writing for the purpose of executing or in connection with the "massive and systematic fraud" discussed at length above. *See SAC* at ¶¶ 156-57. Both of these Causes of Action are based on the same unified course of fraudulent conduct and, thusly, are properly deemed claims that are "grounded in fraud." *Vess*, 317 F.3d 1103-04; *see also Moore v. Kayport Package Express*, 885 F.2d 531, 541 (9th Cir. 1988) (applying Rule 9(b) to a RICO claim); *Bruce v. United States*, 759 F.2d 755, 758 (9th Cir. 1985) (same).

In summary, the five aforementioned Causes of Action are either fraud claims or "grounded in fraud." Accordingly, Rule 9(b) applies to each and every one of them.

    2.    <u>Plaintiff Has Failed to Properly Plead Her Causes of Action Against Defendants</u>

The next order of business is to determine whether Plaintiff states with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Defendants essentially raise two arguments with respect to the sufficiency of Plaintiff's claims under Rule 9(b). First, they contend that all of Plaintiff's claims—state claims and RICO claim alike—fail under Rule 9(b) because they do not specify the "times, dates, places, benefits received, and other detail of the alleged fraudulent activity" in relation to each defendant. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547 n.7. Second, they contend that Plaintiff's RICO claim in particular fails because Plaintiff has failed to adequately plead mail and wire fraud, which are the predicate acts for this claim. The Court addresses only the first of these arguments because the conclusion reached in relation to it disposes of any need to analyze the second argument.

In conducting the following analysis, the Court is mindful of two principles. First, Rule 9(b) applies only to the specifics of the alleged misrepresentations; it does not, by contrast, apply to other aspects of Plaintiff's claims, such as reliance or damages. *See Anthony v. Yahoo!, Inc.*,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#36/37

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

421 F. Supp. 2d 1257, 1264 (N.D. Cal. 2006); *Indiana Bell Tel. Co. v. Ward*, 2002 U.S. Dist. LEXIS 26013, *3 (S.D. Ill. 2002). Second, consistent with the general rule that a claim sounding in fraud must state certain evidentiary facts, courts have routinely held that *each* defendant against whom a fraud-based claim is asserted must be notified of the circumstances surrounding the fraudulent conduct with which she *individually* has been charged. *Wanetick v. Mel's of Modesto, Inc.*, 811 F. Supp. 1402, 1405 (N.D. Cal. 1992); *McFarland v. Memorex Corp.,* 493 F. Supp. 631, 639 (N.D. Cal. 1980); see also *Jacobson v. Peat, Marwick, Mitchell & Co.,* 445 F. Supp. 518, 522 n. 7 (S.D.N.Y. 1977). In accordance with this second principle, the Court undertakes this analysis in relation to each defendant, beginning first with Bidz.com.

Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996) (quotation omitted). Upon review, it is apparent that Plaintiff's averments of fraud meet the heightened pleading requirement imposed by Rule 9(b). Plaintiff alleges that listed on Bidz.com's website is a Term and Condition which states as follows:

> Shill bidding is prohibited on the site, that is the placing of bids or causing bids to be placed on any product for the purpose of artificially increasing or otherwise manipulating the bidding process on Bidz.com or the bid price of any product listed on the site, or influencing user behavior on Bidz.com.

*SAC* ¶ 68. She also alleges that Bidz.com represents that the jewelry sold on its website "have significant resale potential for those looking to turn a profit and make perfect gifts." *Id.* at ¶ 69. In addition, Bidz.com allegedly "makes an effort to make the jewelry look high-quality and presentable" through a "compare" feature that allows consumers to compare the auction price of a certain good with its supposed retail value. *Id.* at ¶ 70. Relying on these representations, Plaintiff, on September 30, 2007, purchased a ring from the website. *Id.* at ¶ 8 & 72. This ring was allegedly not worth the price Plaintiff paid Bidz.com and was not of the high-quality that she expected based on the website's representations. *Id.* at ¶ 72.

These allegations are not, however, sufficient for the purposes of Rule 9(b). To satisfy Rule 9(b), a plaintiff must set forth more than facts about the time, place, and manner of fraudulent statements. Rather, she must also "set forth an explanation of why the statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1548. Representations concerning the absence of shill bidding can only be false if shill bidding in fact occurred during the auction at issue. However, Plaintiff has failed to allege that in this

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#36/37

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

particular instance, during this particular auction, shill bidding occurred. Similarly, the "compare" feature is only misleading if Plaintiff used it during the auction. However, the SAC fails to allege this particular fact. Accordingly, because Plaintiff has not linked Defendants' allegedly fraudulent conduct to the particular auction she participated in, the Court finds that Plaintiff has failed to sufficiently allege her averments of fraud against Bidz.com.

This conclusion is consistent with the purpose of Rule 9(b). The heightened standard under Rule 9(b) exists to safeguard defendants against spurious accusations and the resulting reputational harm by providing sufficient notice to defendants about the charges levied against them. *Vess*, 317 F.3d at 1104. That is exactly what Plaintiff's averments do not do. It is unclear from the SAC whether Plaintiff was defrauded by Bidz.com because of representations concerning the quality of the goods, the misleading "compare" feature, shill bidding, or any combination of these three things. Put otherwise, the allegations do not allow Bidz.com to defend the fraud-based claims asserted against it because it lacks notice of the particular circumstances surrounding its allegedly fraudulent conduct in relation to Plaintiff.

Having determined that Plaintiff has not sufficiently pleaded her claims against Bidz.com, the Court next considers whether the same is true for Plaintiff's claims against the individual defendants, Mr. & Ms. Zinberg. As noted above, *each* defendant against whom a fraud or fraud-based claim is asserted must be notified of the circumstances surrounding the fraudulent conduct with which she *individually* has been charged. *Wanetick*, 811 F. Supp. at 1405; *McFarland,* 493 F. Supp. at 639; *Jacobson,* 445 F. Supp. at 522 n. 7. Without exception, all of the relevant allegations concerning the fraudulent conduct at issue are made only in reference to Bidz.com. *See* SAC ¶¶ 35-72. Indeed, it is not until paragraph 73 of the SAC when Plaintiff first begins to make allegations concerning Mr. and Ms. Zinberg's conduct. Moreover she only does this by using the term "Defendants." But such categorical grouping is not permitted, despite Plaintiff's arguments otherwise. The law does not, as Plaintiff believes it does, allow a plaintiff to bootstrap claims against a corporation's executives, board members, or shareholders to a sufficiently pleaded fraud claim against the corporation itself, simply by virtue of the relationship between the corporation and the executives, board members, and shareholders. This is true even where, as here, the individual defendants hold upwards of 45% of the corporation's issued stock. Were the Court to allow such bootstrapping, then the Court would deprive the individual defendants of the very protections Rule 9(b) was meant to afford them. *Vess*, 317 F.3d at 1104. Thus, because Plaintiff has failed to allege specific facts detailing Mr. and Ms. Zinberg's individual involvement in the fraud, Plaintiff's fraud claims against these two defendants fail under Rule 9(b). Therefore, Defendants' Motion is GRANTED insofar as it

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#36/37**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

relates to the First, Fourth, Fifth, and Ninth Causes of Action, as they are asserted against Defendants.

    C.    <u>Whether Plaintiff's Causes of Action Should be Dismissed With Prejudice</u>

Lastly, the Court considers whether Plaintiff's claims should be dismissed with prejudice. As a general rule, denial of leave to amend is proper when the court concludes that further amendment would be futile. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

In this instance, it appears that amendment will be futile with respect to only one claim: Plaintiff's Sixth Cause of Action for constructive fraud. Defendants argue that this Cause of Action fails because Plaintiff did not plead a fiduciary relationship between herself and Defendants. On this point, Defendants are correct. Constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault[.]" *See* Cal. Civ. Code § 1573. The Court is not aware of any legal or equitable duty that arises during an everyday transaction between consumer and merchant. Accordingly, it appears that Plaintiff's claim fails as a matter of law.

As no legal duty exists between Defendants and Plaintiff, amendment of the Sixth Cause of Action will be futile. Therefore, the Court dismisses Plaintiff's Sixth Cause of Action with prejudice. All other Causes of Action are dismissed without prejudice.

IV.    <u>CONCLUSION</u>

Based on the foregoing, the Court:

1. GRANTS Defendants' Motion insofar as it relates to Plaintiff's Second and Third Causes of Action, for lack of standing.

2. GRANTS Defendants' Motion insofar as it relates to Plaintiff's First, Fourth, Fifth, and Ninth Causes of Action as they are asserted against Defendants, for failure to plead averments of fraud with particularity, as required by Rule 9(b).

3. GRANTS Defendants' Motion insofar as it relates to Plaintiff's Sixth Cause of Action as it is asserted against Bidz.com for failure to state a claim, with prejudice.

Plaintiff has **15 days** to file a Third Amended Complaint, if she so chooses.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#36/37**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5553 PSG (FMOx) | Date | March 4, 2009 |
|---|---|---|---|
| Title | Marla Tidenberg v. Bidz.com, Inc. | | |

**IT IS SO ORDERED.**