DOUGLAS SMITH (SBN: 101367)
 Email: dsmith@gordonrees.com
TARA L. MARTIN (SBN: 189168)
 Email: tmartin@gordonrees.com
STEPHANIE ALEXANDER (SBN: 205701)
 Email: salexander@gordonrees.com
GORDON & REES LLP
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

Attorneys For Defendant BIDZ.COM, INC., a Delaware corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA TIDENBERG, individually and for all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>BIDZ.COM, INC., DOES 1-20,<br><br>　　　　　　Defendants. | CASE NO. CV08-05553 PSG (FMOx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIDZ.COM'S MOTION FOR IMPOSITION OF RULE 11 SANCTIONS**<br><br>**[Federal Rule of Civil Procedure 11(b) (3) and (c)]**<br><br>[FILED CONCURRENTLY WITH NOTICE OF MOTION; DECLARATIONS OF TARA MARTIN, CHRISTOPHER BLOCK, CLAUDIA LIU, AND LEON KUPERMAN; REQUEST FOR JUDICIAL NOTICE; NOTICE OF PREVIOUSLY LODGED DEPOSITION TRANSCRIPT; CERTIFICATION OF COMPLIANCE; PROPOSED ORDER]<br><br>Date:　　October 26, 2009<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 790 |

1. **INTRODUCTION**

　　Bidz.com is a publicly traded company engaged in the business of conducting internet based auctions which are open to members of the public

around the world, 24 hours a day. There are typically 669 auctions in progress at any given hour of the day. Since the company went online in 1999, Bidz.com's auctions have primarily offered personal jewelry items for public auction; e.g., rings, bracelets, necklaces, earrings and watches.

In the years 2004 through 2008, Bidz.com conducted 25,730,845 auctions. Items sold during this period of time total 14,402,007, at an average sale price over the period of $45.80. The difference between the number of auctions conducted and the number of items sold represents the number of winning bidders who elected not to pay for items won, plus items returned. Declaration of Claudia Liu [Liu Decl.] at ¶ 5.

Bidders on Bidz.com's website are individuals who bid and purchase for themselves, those who are purchasing gifts for others, and those who purchase for re sale. Liu Decl. at ¶ 4.

Plaintiff's Third Amended Complaint ("TAC") alleges generally and in a conclusory fashion that defendant Bidz.com, through agents and employees, engaged in "massive" and "rampant" shill bidding; that is, secretly bid up the auction price of its merchandise so that innocent consumers would pay more. TAC at ¶¶ 61-71.

Given that plaintiff's shill bidding claim is unsupported by a single substantial fact in the body of her complaint, to lend her claim apparent credibility plaintiff has consistently inserted demonstrably false allegations into her original, first, second, and third amended complaints, to the effect that her legal counsel had spoken to "insiders' and "confidential informants" prior to the filing of her pleadings, who had "stated" or "confirmed" that Bidz.com had engaged in shill bidding. In fact, however, none of the alleged "informants" and "insiders" have said or done any such thing, nor have they ever examined plaintiff's claim.

Plaintiff's shill bidding allegations undermine the foundation of Bidz.com's commercial success: the public's trust that the auction process is honest. Plaintiff's

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 11 MOTION

allegations have received widespread publication on the internet, and the mere existence of plaintiff's claim in federal court lends a false and damaging patina of credibility to the unsupported assertion. It likely has done material damage to Bidz.com's stock price. Declaration of Leon Kuperman (Kuperman Decl.) at ¶ 4. In addition, Bidz.com has expended tens of thousands of dollars investigating plaintiff's shill bidding allegations and in preparing to prove a negative; that the company does not engage in shill bidding and that shill bidding could not occur in the manner or on the scale that plaintiff alleges. Kuperman Decl. at ¶ 5.

Pursuant to Federal Rule of Civil Procedure ("FRCP") 11, plaintiff seeks sanctions against plaintiff and her counsel for their objectively false allegations in their several complaints concerning the alleged third party "verification" or "confirmation" of the existence of shill bidding at Bidz.com.

## 2. STATEMENT OF COMPLAINT

Plaintiff has alleged through four iterations of her complaint that shill bidding **must be** taking place on Bidz.com's website because of the revenue numbers reported by the company; specifically, that the number of completed sales each day are lower than plaintiff would expect based upon the total average number of auctions each day. Plaintiff concludes:

> "Either Bidz.com is vastly underreporting their revenue, greatly exaggerating the number of auctions it offers, or only about 54% of its auction winners are actual people. Of these three, only the last makes any sense, because only the last presents a strong financial incentive for Bidz.com."

TAC at ¶ 60; Complaint at ¶¶ 56-58; FAC at ¶¶ 55-57; SAC at ¶¶ 54-56.

Plaintiff also observes in the operative Third Amended Complaint, as she did in the three previous complaints, that a number of Bidz.com's bidders use a nickname-plus-4 digit-number format for their screen bidding names. Plaintiff

concludes the screen names are "surprisingly similar," and thus that there is a "near certainty" that these bidder names were "created by Bidz.com employees or agents for use in …shill bidding." TAC at ¶¶ 65-68 and *Cf.* Complaint at ¶¶ 62-64, FAC at 60-63, and SAC at ¶59-62.

Finally, plaintiff alleges that her counsel has spoken to "industry insiders" and three anonymous "informants," as follows:

1. "Informant One," an individual represented as one "who works with a company that participates in on-line sales with eBay, and who is aware of the fraud involved in the eBay case, **was aware of** a similar fraud perpetrated by Bidz.com." The complaint also states that "Informant One learned from his years working in the online auction industry that Bidz.com uses so-called 'bots' to create fake user names (in the nickname plus 4 digit format) to engage in shill bidding. These 'bots' are computer programmed shill bidders controlled by Defendant that mark up the value of Bidz.com's products…." (TAC at ¶ 69 and *Cf.* Complaint at ¶ 64, FAC at ¶ 63, and SAC at ¶ 62) (emphasis added).

2. "Informant Two," an individual represented to be "an expert in online auctions" and "who has worked in the industry for many years" stated that Bidz.com uses "a long list of bidders whose main function appears to be to bid in early stages of auctions in order to ensure a certain minimum price is achieved…" (TAC at ¶ 70 and *Cf.* FAC at ¶ 64, and SAC at ¶ 63) (emphasis added).

3. "Informant Three," identified as an alleged former Bidz.com employee who "confirmed" that Bidz.com "bids on its own merchandise in order to artificially increase its value." (TAC at ¶ 71).

3. **RESULTS OF DISCOVERY**

Defendant served interrogatories on plaintiff inquiring as to the identities of the alleged informants. Ex. "A" to Declaration of Tara Martin (Martin Decl.). While plaintiff provided responses, she failed to identify as requested which of the identified individuals had made which of the statements alleged in the TAC. Ex.

"B" to Martin Decl. Following a demand for supplemental responses (Ex. "C" to Martin Decl.), plaintiff attributed the specific shill bidding statements alleged in the complaint to specific "informants." Ex. "D" to Martin Decl. As it turns out, however, none of the identified informants made the statements attributed to him, and all aggressively denied having opined to anyone on the subject of shill bidding as alleged in the various complaints. Exhibits "E" and "F" to Martin Decl. and Ex. "A" to Declaration of Christopher Block ("Block Decl.")

"Informant One," ultimately identified by plaintiff as Gregory Skibee of Florida, is alleged in the TAC to have informed plaintiff that he was "aware of the fraud involved in the eBay case, (and) was aware of a similar fraud perpetrated by Bidz.com" and that "Bidz.com uses so-called 'bots' to create fake user names (of the nickname plus 4 digit number format) to engage in shill bidding." Mr. Skibee has provided defendant with his declaration which states that: "I have never worked for Bidz.com. I have no direct or specific knowledge about shill bidding at Bidz.com. I have not studied Bidz.com, conducted any tests for shill bidding at Bidz.com, have neither bought nor sold anything on Bidz.com's web site, nor confirmed nor provided evidence of the existence of shill bidding at Bidz.com to anyone." Ex. "E" to Martin Decl. at ¶ 3.

"Informant Two," ultimately identified by plaintiff as Sam Antar of New York, a self confessed financial fraud felon (Ex. "A" to Block Decl. at p. 8, ll. 2-7; p. 10, ll. 4-10), is alleged in the TAC to have told plaintiff that Bidz.com uses "a long list of bidders whose main function appears to be to bid in early stages of auctions in order to ensure a certain minimum price is achieved." Plaintiff also falsely described Antar as an "expert in online auctions." At his deposition, Antar denied any expertise in online bidding or shill bidding, denied that he ever participated in an auction, and denied any knowledge that Bidz.com was using shill bidders to drive up auction merchandise prices. Ex. "A" to Block Decl. at p. 16, ll.13-15; p. 16, ll. 18-20; p. 17, ll. 14-15; p. 18, ll. 10-12; p. 18, ll. 13-18; p. 23, ll.

6-18; p. 31, ll. 15-20; p. 32, ll. 2-17.

"Informant Three" remains identified by plaintiff only as "Ross," supposedly a former employee of Bidz.com "who used to work closely with Bidz.com management," address and telephone number unknown. Ex. "D" to Martin Decl. at p. 3, ll. 13-15. However, Bidz.com has no former employee by the name of "Ross." Declaration of Claudia Liu at ¶ 6.

Plaintiff also initially identified Michael Jansma of Florida as one of its informants (Ex. "B" to Martin Decl. at p. 3, ll. 4-9), but abandoned the claim in supplemental responses to defendant's interrogatories (Ex. "D" to Martin Decl.). In any event, Mr. Jansma denies any knowledge of shill bidding at Bidz.com, stating: "I have never worked for Bidz.com. I have no direct or specific knowledge about shill bidding at Bidz.com. I have not studied Bidz.com, conducted any tests for shill bidding at Bidz.com, have neither bought nor sold anything on Bidz.com's web site, nor confirmed nor provided evidence of the existence of shill bidding at Bidz.com to anyone." Ex. "F" to Martin Decl. at ¶ 3.

## 3. ARGUMENT

### A. Plaintiff Has Violated Rule 11

FRCP 11(b)(3) states:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> ...
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

*Id.*

- 6 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 11 MOTION

Plaintiff's complaint has depended for its continuing existence on two liability contentions: (1) that Bidz.com engages in "massive" and "rampant" shill bidding which affects all of its auctions; and (2) that Bidz.com misrepresents the quality and value of the jewelry it puts up for auction. The shill bidding allegations, from plaintiff's original complaint through the TAC, have had no factual support absent the claimed existence of informants and insiders with what is at least intimated to be first hand knowledge of Bidz.com's alleged wrongdoing. The rest has been pure speculation and inference. As it now appears, there never was any evidentiary support for plaintiff's shill bidding claim, on any level, and certainly not on the "massive" and "rampant" level alleged. As set out above, Bidz.com cannot presently know how much damage plaintiff and her counsel have caused to the company's business with their unsupported allegations. However, the direct litigation expense incurred by reason of the allegations can be fairly estimated (Kuperman Decl. at ¶ 5). Bidz.com respectfully requests that appropriate sanctions be levied against plaintiff and her counsel for their violation of Rule 11.

Regardless of the merit or lack thereof in plaintiff's remaining allegations, the false claims of independent support for the plaintiff's shill bidding allegations are separately sanctionable. *Cross & Cross Properties, Ltd. v. Everett Allied Co.* 886 F. 2d 497, 505 (2d Cir. 1989); *Cf. Hudson v Moore Business Forms, Inc.* 836 F. 2d 1156,1163 (9th Cir. 1987). "Improper or unwarranted allegations or claims may be sanctioned despite one or more meritorious claims against the same defendant." Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial*, § 17:264

**B.     Appropriate Sanctions**

Bidz.com concedes that Rule 11 sanctions are an extraordinary remedy, to be exercised with the utmost caution. Yet the rule exists for a reason, and if it is not to be invoked or enforced in circumstances in which it is plain that false

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 11 MOTION

allegations were made to give at least some weight to an otherwise unsustainable shill bidding accusation, then the continuing existence of the rule is of doubtful utility. Plaintiff's unsupported shill bidding allegations, and the false claims of "confirmation" thereof by third party informants, were undoubtedly made for an improper purpose.

The Court has wide discretion to fashion sanctions, both monetary and non monetary. FRCP 11(c)(4). "Monetary sanctions are ordinarily payable to the Court because the purpose is deterrence not compensation." *Federal Civil Procedure Before Trial, supra*, at § 17:499 and authorities cited therein.

Bidz.com proposes to the Court that the goal of deterrence would be usefully and fairly served in this instance by striking from plaintiff's TAC all allegations of shill bidding, and assessing plaintiff and her counsel the costs and fees incurred by Bidz.com in bringing this motion. Martin Decl. at ¶ 9.

### 4. **CONCLUSION**

Plaintiff has repetitiously made demonstrably false allegations for an improper purpose, to Bidz.com's substantial detriment. Defendant respectfully requests that the Court impose appropriate sanctions against plaintiff and her counsel pursuant to FRCP 11.

Dated: September 16, 2009        GORDON & REES LLP


/s/_____
Douglas Smith
Tara L. Martin
Stephanie Alexander
Attorneys for Defendant BIDZ.COM, INC.

- 8 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 11 MOTION