1 */COUNSEL LISTED ON SIGNATURE PAGE/*
UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLA TIDENBERG, individually and for all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>BIDZ.COM, INC., DOES 1-20,<br><br>                Defendants. | **CASE NO. CV08-05553 PSG (FMOx)**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judicial Officer: Phillip S. Gutierrez<br><br>Magistrate Judge Fernando M. Olquin<br><br>**NOTE CHANGES MADE BY THE COURT.** |

Plaintiff Marla Tidenberg and Defendant Bidz.com, Inc., recognize and acknowledge that Defendant Bidz.com, Inc., may have confidential business, financial and/or trade secret information that is relevant to the subject matter of this lawsuit and subject to discovery. Therefore, all parties stipulate to a protective order on the terms set forth below.

## 1. **GOOD CAUSE STATEMENT**

Disclosure and discovery activity in the above-captioned litigation (the "Action") are likely to involve production of highly sensitive financial, business, or proprietary information, or other confidential or private information, that has not been disseminated to the public at large, which is not readily discoverable by competitors, and has been the subject of reasonable efforts by the respective

parties and/or third parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal, nor does anything herein prejudice the right of any party to object to the production of any discovery material that is legally protected from disclosure.

**2.     DEFINITIONS**

2.1     <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and counsel (including their support staff).

2.2     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, depositions, subpoenas, or responses to discovery in this Action by any Party and/or non-Party.

2.3     <u>Trade Secret</u>:  information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, as set forth in California Civil Code §3426.

2.4     <u>"CONFIDENTIAL" Information or Items</u>:  Disclosure or Discovery

Material that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c), which shall only be disclosed to any Party to this Action, as set forth in Section 7.2 below. Such information should fall into one or more of the following categories: (i) sales, marketing, or product or service development strategies, tactics or plans; (ii) sketches and mock-ups of layouts; (iii) financial data; (iii) costs of doing business; (iv) customer lists; (v) business agreements and contracts; (vi) licensing negotiations and agreements; (vi) third-party information covered by an obligation of confidentiality; (vii) documents containing private personal information related to any individual; (viii) internal information or items related to the business functioning of any Party or related entity.

2.5 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items: Disclosure or Discovery Material that is extremely sensitive — such as trade secrets or highly sensitive business strategies, plans, or developments — and whose disclosure to any person other than the parties' respective outside counsel (presently, Gordon & Rees LLP for Bidz.com, Inc.), as set forth in Section 7.3 below, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.6 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party, as defined herein.

2.7 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.8 Designating Party: a Party or non-party that designates any Disclosure or Discovery Material that is produced by it or by any third-party during the pendency of this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.9 Protected Material: any Disclosure or Discovery Material (including any portion, segment, summary or index thereof and/or the substance of the information contained therein) that is designated as "CONFIDENTIAL" or as

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.10 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action (as well as their support staffs).

2.11 <u>In-House Counsel</u>: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties (as well as their support staffs so long as any such individuals only perform work for In-House Counsel and not for any other current or former officer, director and/or employee of any Party).

2.12 <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

2.13 <u>Retained Expert or Consultant</u>: any person with specialized knowledge or experience in any matter pertinent to the Action and/or any issues related thereto who has been retained by a Party or its counsel to serve as an expert witness and/or as a consultant in the Action and who is not a current or former employee, officer, director and/or owner of any Party. Without limitation, Retained Experts or Consultants include professional jury or trial consultants retained in connection with this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

Any Protected Material (as defined above) may not be disseminated or disclosed to any person or entity except pursuant to the terms of this Stipulated Protective Order, whether any such disclosure or dissemination includes the entirety of any or all Protected Material and/or any portion, segment, summary or index thereof and/or consists solely of the substantive information contained in any Protected Material.

## 4. **DURATION**

Up until the date of the commencement of Trial in this Action, and/or beyond the date of termination of this Action if so ordered by the District Court Judge assigned to this matter upon further request of the Parties, this Stipulated Protective Order shall remain in effect with regard to the treatment of any and all Protected Material unless and until the Designating Party and the Producing Party (if not the same) agree otherwise in writing or a court order otherwise directs, in which event, this Stipulated Protective Order shall continue to remain in effect with regard to any and all Protected Material not covered by any such writing or court order. Designating and Producing Parties can only terminate the provisions of this Stipulated Protective Order with respect to Protected Material produced by it and/or designated by it in the Action. Nothing contained herein, however, is intended to limit or prevent any Party from introducing evidence at trial to prove its case. The use of any Protected Material at trial, however, is not addressed at this time, but may be the subject of future application to the District Court Judge assigned to this matter as the need may arise. Unless otherwise ordered or agreed in writing by both the Producing Party and the Designating Party, within sixty (60) days after the final resolution of this Action, each Receiving Party shall either destroy all Protected Material, or return all Protected Material to the Producing Party, at the election of the Producing Party. As used in this paragraph, "all Protected Material" includes all copies, reproductions, scans, or any other form of duplicating any of the Protected Material. The Receiving Party shall submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed or returned, as applicable, and that affirms that the Receiving Party has not retained any copies, reproductions, scans, or any other form of duplicating any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain, summarize, describe, reference, or refer to Protected Material.

**5. <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1 <u>Exercise of Restraint and Reasonable Care in Designating Material for Protection</u>. Each Party or non-party that designates Disclosure or Discovery Material for protection under this Stipulated Protective Order must take reasonable care to limit any such designation to specific material that qualifies for protection under the appropriate standards. A Designating Party must take reasonable care to designate for protection only those materials, documents, items, or oral or written communications, or parts thereof, that qualify for protection; such that other portions of any such material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Designations that are shown to be clearly unjustified, or made in bad faith, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions as provided for under the Local Rules and the Federal Rules of Civil Procedure exclusively, pursuant to the challenge provisions contained in Paragraph 6 below. If it comes to a Party's or a non-party's attention that Disclosure or Discovery Material that it designated for protection under this Stipulated Protective Order does not qualify for protection, or does not qualify for the level of protection initially asserted, that Party or non-party must withdraw such mistaken designation and promptly notify all other parties, in writing.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or agreed by the Parties in writing or on the record, or ordered by the court in this Action, and subject to

- 6 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

paragraph 5.3(b) below, any and all Protected Material must be clearly designated pursuant to the terms hereof before the Protected Material is disclosed or produced.

    5.3    Designation in conformity with this Stipulated Protective Order requires:

        a)    <u>For Disclosure or Discovery Material in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents, information, items or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents, information, items or material it would like copied and produced. During the inspection and before the designation, any and all material made available for inspection shall be automatically deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party shall determine which documents, or portions thereof, qualify for protection hereunder, and, before producing any such documents, the Producing Party shall affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") conspicuously on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) and must specify, for each

1 portion, the level of protection being asserted (either "CONFIDENTIAL" or
2 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

b) <u>For testimony given in deposition or in other proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to immediately identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of any such testimony may qualify for protection hereunder, the Party or non-party that sponsors, offers, gives, or requests to designate the testimony as protected, may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days after the date of mailing of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30-day period shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall conspicuously affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty so designating.

c) <u>For Disclosure or Discovery Material in any form other than documentary or testimonial, and for any other tangible Disclosure or Discovery Material</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Disclosure or Discovery Material is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the Disclosure or Discovery Material contained

in any such container or containers warrant protection hereunder, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    d) <u>Inadvertent Failures to Designate.</u> If corrected within thirty (30) days of disclosure, an inadvertent failure to designate qualified Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such Disclosure or Discovery Material. If Disclosure or Discovery Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the Disclosure or Discovery Material is initially produced, the Receiving Party, on timely notification of the designation – thirty (30) days – must treat any such Disclosure or Discovery Material as if it had been properly designated as Protected Material when it was originally produced and/or disclosed.

## 6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

  6.1 <u>Meet and Confer.</u> Any Party may challenge in good faith any Designating Party's designation of any Disclosure or Discovery Material as Protected Material. Any Party that challenges any confidentiality designation must do so in good faith and must begin the challenge process by meeting and conferring directly with Outside Counsel for the Designating Party. In so meeting and conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper. The Designating Party shall then have seven (7) calendar days from any such meet and confer, unless otherwise agreed, to respond to any challenge to its confidentiality designations. To the extent the Designating Party does not agree with the challenge, in responding to the challenge, the Designating Party shall explain to the Challenging Party the basis

for its confidentiality designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged, or in the event of non-cooperation, attempted to engage, in the meet and confer process described in this paragraph first. During the meet and confer process described in this paragraph, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Designating Party's original designation.

6.2 <u>Judicial Intervention.</u> Any Party not satisfied with the outcome of the meet and confer process described in Paragraph 6.1 may then file and serve a motion that identifies the Disclosure or Discovery Material the confidentiality designations of which are challenged and sets forth in detail the basis for the challenge. Each such motion must be filed in accord with Local Rule 37. Until the Court rules on any such motion, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Designating Party's designation.

## 7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons or entities and under the conditions described in this Stipulated Protective Order. Following final resolution of the Action, a Receiving Party shall comply with the provisions of Section 4, above, and Section 11, below. Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access thereto is limited to the persons or entities authorized by this Stipulated Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated

"CONFIDENTIAL" only to:

    a) The Receiving Party's Outside Counsel of record in this Action (presently, Gordon & Rees LLP for Bidz.com, Inc., and Balestriere Lanza PLLC for Plaintiff Marla Tidenberg and the proposed class), as well as employees of said Outside Counsel to whom disclosure is reasonably necessary for the conduct this Action;

    b) Current and former officers, directors, owners and employees (including In-House Counsel) of the Receiving Party and/or related or affiliated entities to whom disclosure is reasonably necessary for the conduct of this Action;

    c) Retained Experts or Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the conduct of the this Action and who have signed the "Acknowledgement and Agreement to Be Bound " (Exhibit A);

    d) The Court and its personnel;

    e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the conduct of this Action;

    f) During their depositions, witnesses in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Any party seeking to use CONFIDENTIAL Information during a deposition of a non-party shall obtain a statement on the record that the non-party deponent has agreed to abide by the terms of this Stipulated Protective Order; and

    g) The author and named recipients of the CONFIDENTIAL Information, persons who have previously had access to the CONFIDENTIAL Information other than through discovery or disclosures in the Action, and the original source of the CONFIDENTIAL Information.

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

a) The Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary for the conduct of this Action;

b) up to two (2) In-House Counsel of the Receiving Party who are actively engaged in the conduct of this litigation, have no involvement in competitive decision-making [*see Brown Bag Software v. Symantec Corp.* 960 F.2d 1465 (9th Cir. 1992)], and agree, in writing, to be bound by the terms of this Protective Order. For purposes herein, Bidz.com, Inc. designates its In-House Counsel to be Douglas Smith and may designate an additional In-House Counsel later. Plaintiff Marla Tidenberg designates her In-House Counsel to be Craig Lanza, and may designate an additional In-House Counsel later.

c) Retained Experts or Consultants (as defined in this Stipulated Protective Order and approved pursuant to paragraph 7.4 (a)-(d) or exempt from the approval requirements pursuant to paragraph 7.4 (e), below) to whom disclosure is reasonably necessary for the conduct of this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

d) The Court and its personnel;

e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

f) The author or the original source of the HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Information.

Nothing herein, however, is intended to prohibit or proscribe the ability of Outside Counsel to provide to its client informed and meaningful advice, or to

prevent Outside Counsel from aggregating and generally summarizing its opinion of the implications of any such HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Information as it relates to the Action, so long as such opinion will not reveal or disclose the specific contents of any HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY Information, including any figures and statistics therein.

7.4 <u>Prior Approval Before Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Retained Experts or Consultants.</u> The procedure for having a Retained Expert or Consultant approved for access to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be as follows:

a) Any party seeking to have a Retained Expert or Consultant, as defined in Paragraph 2.13, approved (the "Requesting Party") to access HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION shall provide the Producing and Designating Party (if not the same) with:

i. The name of the Retained Expert or Consultant;

ii. The present employer and title of the Retained Expert or Consultant;

iii. An up-to-date curriculum vitae listing work experience, including consulting/expert experience and publications, over the prior five years; and

iv. A written acknowledgment in the form of Exhibit A attached hereto, signed by the Retained Expert or Consultant for whom approval is sought, that the Retained Expert or Consultant has read this Stipulated Protective Order and agrees to be bound by its terms.

b) Within ten (10) calendar days after serving (via overnight delivery or e-mail) a copy of the information and the written acknowledgment described in

- 13 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

Paragraph 7.4 (a), the Producing or Designating Party (if not the same) may object to the Retained Expert or Consultant proposed for approval upon a reasonable basis. Failure to object within ten (10) calendar days to the Retained Expert or Consultant proposed shall be deemed approval, but shall not preclude a Producing or Designating Party (if not the same) from later objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the Producing Party or its Counsel. If objection is made, the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall not be disclosed to the designated person until the procedure set forth in paragraph 7.4 (c) has been completed or the Producing and/or Designating Party (if not the same) withdraws all objections.

    c) If the Producing and/or Designating Party (if not the same) so objects, the Producing and/or Designating Party (if not the same) and the Requesting Party shall, within ten (10) calendar days from the date of the service of notice of objection, meet and confer to attempt to resolve the dispute. At that conference, the Producing and/or Designating Party (if not the same) shall inform the Requesting Party of its reasons for objecting to the proposed Retained Expert or Consultant. If the parties cannot resolve the dispute, or if the conference does not take place, then the Producing and/or Designating Party (if not the same) may move the Court for an appropriate protective order within ten (10) calendar days of the meet and confer or the failure to meet and confer. If the Producing and/or Designating Party challenging the proposed Retained Expert or Consultant fails to move the court for an appropriate protective order within the time period allotted, the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information may be disclosed to the proposed Retained Expert or Consultant. If the Producing and/or Designating Party (if not the same) timely files a motion with the court for an appropriate protective order within the ten (10) calendar day period, the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information may

not be disclosed to the proposed Retained Expert or Consultant unless and until the Court denies the Producing and/or Designating Party's motion. These time periods do not restrict any party from moving for a Court order earlier if the circumstances so require.

      d) It is understood and agreed that if, pursuant to this Stipulated Protective Order, a Party identifies a Retained Expert or Consultant as an expert, no other Party shall contact that Retained Expert or Consultant nor subject that Retained Expert or Consultant to discovery related in any way to matters arising within the Retained Expert or Consultant's work or consultation in or related to the Action in any way, except as provided by the Federal Rules of Civil Procedure or by Order of the Court.

      e) A Party need not obtain prior approval of a Retained Expert or Consultant as set forth above provided that such Retained Expert or Consultant is not at the time of the contemplated disclosure, a current or former employee, officer, or director of a Party or a business entity related to a Party, and is not, at the time of the contemplated disclosure, scheduled or under consideration and/or review to become an employee, officer, or director of a Party or a business entity related to a Party; and provided that such Retained Expert or Consultant does not then, nor never has had an ownership interest in a Party or any business entity related to a Party. This exemption is to be broadly construed, and specifically, without limitation, applies to survey experts, damages experts, and academics who are bona fide Retained Experts or Consultants for the purposes of this Action, by or at the direction of Counsel for a Party.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS**

If a Receiving Party is served with a subpoena, or an order issued in any other litigation and/or Court or executive agency proceedings ("Other Proceeding"), that requires disclosure of any Protected Material, the Receiving

Party shall notify the Designating and Producing Party (if not the same), in writing (by electronic mail, if possible) promptly and in no event more than four (4) court days after receiving the subpoena or order but before the scheduled date for production. Such notification shall include a copy of the subpoena or court order.

The Receiving Party shall also immediately inform in writing the party who caused and/or sought the subpoena or order to issue in the Other Proceeding that some or all the material covered by the subpoena or order is protected by this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the Other Proceeding that caused or sought the subpoena or order to issue.

The purpose of imposing these duties is to alert any and all interested parties to the existence of this Stipulated Protective Order and to afford the Designating and Producing Parties (if not the same) in this Action an opportunity to seek to protect its confidentiality interests in the Other Proceeding. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in the Other Proceeding. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating and Producing Parties (if not the same) of any and all unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) use its best efforts to obtain an executed "Acknowledgment and Agreement to Be

Bound" (attached as Exhibit A hereto) from any and all such person(s) to whom unauthorized disclosures were made.

## 11. FILING PROTECTED MATERIAL.

In the event that any Party decides to file with or submit to the Court any Protected Material, Counsel shall take any and all appropriate steps to ensure the continuing confidentiality of the Protected Material. Counsel for the Party seeking to file with or submit to the Court any Protected Material shall apply to the Court for an order allowing the Protected Material to be filed under seal pursuant to Local Rule 79-5. Pending the ruling on any such application, the Protected Materials and any and all documents in which such Protected Materials are contained and/or referenced shall be lodged with the Court under seal.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any Party to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By agreeing to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information, item, document or material on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use and admission in evidence in any proceeding of any Disclosure or Discovery Material.

12.3 <u>Effect of Designation on Authenticity and Admissibility</u>. The placing of any confidentiality designation or production identification label on the face of any document shall not affect the document's authenticity or admissibility in this Action.

12.4 <u>Continuing Jurisdiction</u>. All provisions of this Stipulated Protective Order shall continue to be binding on all Parties after the final resolution of this Action, unless subsequently modified by agreement between the Parties or order of the Court, and the Court shall retain jurisdiction over this Action for the purpose of

enforcing this Stipulated Protective Order.

**SO ORDERED.**

Dated:11/12/09

```
_____/s/_____
United States District Court Judge
```

COUNSEL TO PARTIES:

**GORDON & REES LLP**
DOUGLAS SMITH (SBN: 101367)
TARA L. MARTIN (SBN: 189168)
4675 MacArthur Court, Suite 800
Newport Beach, CA 92660
Telephone: (949) 255-6950
Facsimile: (949) 474-2060
Email: dsmith@gordonrees.com
Email: tmartin@gordonrees.com

Attorneys For Defendant BIDZ.COM, INC., a Delaware corporation

**BALESTRIERE LANZA PLLC**
CRAIG STUART LANZA
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5404
Facsimile: (212) 208-2613
Email: clanza@balestriere.net

Attorneys for Plaintiff and Class

**EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Marla Tidenberg v. Bidz.com, Inc.,* Case No. CV 08-5553 PSG (FMOx) (the "Action"). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Gordon & Rees LLP
4675 MacArthur Court
Suite 800
Newport Beach, CA 92660

AIGDO/1053965/7221966v.1